NO. 07-03-0377-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2004

_____

DAVID LEE FOSTER, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,295; HONORABLE TOM NEELY, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant David Lee Foster, Jr., having waived his right to a jury trial, pleaded guilty without the benefit of a plea bargain to manufacturing a controlled substance, and the trial court found him guilty and assessed a sentence of 20 years confinement. With four points of error, appellant claims he was denied effective assistance of counsel, the evidence is

legally insufficient to support his conviction, and his conviction should be reversed because the attorney for the State committed prosecutorial misconduct. We affirm.

On February 13, 2003, Larry Lee, an officer with the Wilbarger County Sheriff's Department, received a phone call reporting a "possible meth lab actually in the process of making meth" at a residence in Oklaunion, Texas. When he arrived, Lee noticed a pickup truck backed up to a shed at the rear of the property. He then observed three people run out of the building, get into the pickup, and attempt to leave. Lee and another officer who responded to the scene apprehended the three individuals and identified them as appellant, who was the driver, appellant's wife, Maria Foster, and appellant's partner, Cesilio Gonzales. Inside the truck, Lee discovered a "fully loaded" pistol in a pouch on the driver's door and an SKS, "high powered semi-automatic rifle" behind the seat. When officers entered the shed, they located a working "clandestine methamphetamine lab." The officers seized several jars of chemicals, which were later analyzed and determined to contain methamphetamine and cocaine in various levels of concentration. At trial, appellant consented to a stipulation of evidence admitting each of the elements of the offense contained in the indictment. He further testified during the punishment phase and freely admitted that: (1) he had a drug problem; (2) the guns seized from the crime scene were his; (3) he manufactured the drugs at issue in this case; (4) he became "interested in cooking dope and using the dope" when he was fifteen or sixteen; and (5) he "actually made some profits out of the sale" of methamphetamine he manufactured.

2

Before addressing appellant's specific contentions, we first acknowledge the standard of review of an ineffective assistance of counsel claim. To prevail on such an allegation, a defendant must establish by a preponderance of the evidence that: (1) counsel's performance was deficient, that is, it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Rylander v. State, 101 S.W.3d 107, 109-10 (Tex.Cr.App. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). In other words, appellant must demonstrate that the deficient performance prejudiced his defense. *Id*. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id*. And, although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Ex parte* Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993), *cert. denied*, 510 U.S. 840, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell

3

within the wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. Sessums v. State, 129 S.W.3d 242, 247 (Tex.App.–Texarkana 2004, no pet. h.).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). In the absence of direct evidence in the record of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined. Garcia v. State, 57 S.W.2d 436, 440 (Tex.Cr.App. 2001), *cert. denied*, 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030 (2003). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that his conduct was reasonable and professional. *See* Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Indeed, appellate courts can rarely decide the issue of ineffective assistance of counsel because the record almost never speaks to the strategic reasons trial counsel may have considered. *Id*. Although the most effective procedure for presenting this claim may be via a *habeas corpus*, Aldrich v. State, 104 S.W.3d 890, 896 (Tex.Cr.App. 2003), nevertheless, some claims may be disposed of on direct appeal where trial counsel's ineffectiveness is apparent from the record. Freeman v. State, 125 S.W.3d 505, 506-07 (Tex.Cr.App. 2003).

4

We now direct our attention to appellant's first two points of error by which he claims that he was denied his constitutional right to effective assistance of counsel, thus rendering his plea involuntary and the resulting conviction void. In support of the voluntariness of his plea, appellant suggests we review letters written by him to the court prior to trial revealing his skepticism of his attorney's competence and his reluctance to enter a guilty plea. Regarding the void conviction argument, appellant contends that his attorney failed to appreciate the variance between the quantity of methamphetamine alleged in the indictment and the proof of that amount at trial. According to appellant, the indictment alleged that he manufactured over 400 grams of pure methamphetamine, while the evidence at trial merely established a combined weight for the controlled substances seized from the crime scene of 167.33153 grams.[1] This discrepancy obtains, he says, because of the State's failure to include in the indictment the language, "by aggregate weight, including adulterants or dilutants." The omission of that phrase, suggests appellant, resulted in his accountability for only that portion of the substance confirmed as pure methamphetamine. Then, because the quantity of drugs determines the range of punishment in a manufacturing case, appellant argues that, had his attorney provided effective assistance, "it is quite conceivable that [appellant] may have only been guilty of a State Jail felony as opposed to an aggravated first degree felony." *See* Tex. Health &

---

[1]Appellant obtains this result by multiplying the weight of the substance tested by the percentage of methamphetamine, .02%, contained in the substance.

5

Safety Code Ann. § 481.0112(b) & (f) (Vernon 2003). With appellant's contentions, we disagree.

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel contending that his counsel was ineffective, the voluntariness of the plea depends upon: (1) whether counsel's advice was within the range of competence demanded, and if not, (2) whether there is a reasonable probability that, but for the ineffective assistance, the defendant would not have pleaded guilty and would have insisted on going to trial. *Ex parte* Moody, 991 S.W.2d 856, 857-88 (Tex.Cr.App. 1999). Because appellant did not file a motion for new trial raising his ineffectiveness claim, the record has not been developed with respect to the reasons for the entry of appellant's guilty plea, the advice provided to him, or counsel's trial strategy. Without a record having been developed on these issues, we are unable to determine whether appellant entered a plea of guilty on the advice of counsel or whether counsel's advice was legally correct and made pursuant to sound trial strategy.

With regard to appellant's assertion that his letters to the court "clearly reflect [his] state of mind as to the involuntariness of his plea," we observe that the record reveals abundant evidence demonstrating that his plea was, in fact, freely and voluntarily made. Indeed, we find the following exchange more probative of appellant's state of mind on the day of trial:

| | |
|---|---|
| State: | So back to my original question. You understand completely what you pled guilty to? |
| Defendant: | Yes, sir. |
| State: | And that it's the over 400 grams which puts it into a higher penalty bracket? Do you understand that? |
| Defendant: | Yes, sir. |
| State: | Minimum punishment, fifteen years? |
| Defendant: | Yes, sir. |
| State: | If you are found guilty and you have pled guilty? |
| Defendant: | Yes, sir. |
| State: | You have signed a statement telling the Judge that you are guilty? |
| Defendant: | Yes, sir. |
| State: | You wanted to do all that and you did all that voluntarily? |
| Defendant: | Yes, sir. |
| State: | No one forced you to do it? |
| Defendant: | No, sir. |
| State: | You understood the questions the Judge asked you about that and all that? |
| Defendant: | Yes, sir. |
| State: | All right. And you understand in all likelihood then that, well, fifteen years is the minimum sentence? |
| Defendant: | Yes, sir. |
| State: | You know that? |
| Defendant: | Yes, sir. |

Bearing the preceding discussion in mind, and considering the lack of direct evidence of what advice trial counsel gave appellant, whether it was legally correct, and whether that

advice was the product of sound trial strategy, we conclude appellant has failed to demonstrate ineffective assistance by a preponderance of the evidence.

Furthermore, the genesis of appellant's void conviction argument is his misunderstanding of the requisites of an indictment and the definition of a controlled substance. First of all, an indictment tracking the language of the statute will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature. State v. Mays, 967 S.W.2d 404, 406 (Tex.Cr.App. 1998). Moreover, when a term is defined in the statute, it need not be further alleged in the indictment. *Id*. Contrary to appellant's assertion, the indictment here tracked the language of the statute.[2] And, because controlled substance is defined by statute as a substance, including a drug, an adulterant, and a dilutant listed in . . . Penalty Grou[p] 1"[3] and "includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance," it was unnecessary for the State to define the term further in the indictment. Tex. Health & Safety Code Ann. § 481.002(5) (Vernon 2003). As a matter of fact, appellant manifested his appreciation of the charge against him during cross-examination:

---

[2]Under the statute, a person commits an offense if "the person knowingly manufactures . . . a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code Ann. § 481.112(a) (Vernon 2003). The indictment in this case alleges that appellant "did then and there knowingly manufacture, . . . a controlled substance, namely methamphetamine, in an amount of 400 grams or more."

[3]Methamphetamine is listed in Penalty Group 1. Tex. Health & Safety Code Ann. § 481.102(6).

8

| State: | And you told him [the judge] that you are pleading guilty because in fact you are guilty of the manufacture of methamphetamine of 400 grams or more? |
|---|---|
| Defendant: | Yes, sir. |
| State: | As was accused in the indictment? |
| Defendant: | Well, the only thing I feel that isn't right about it is over 400 grams. *I know y'all are weighing everything on it*, but as far as actual meth that you are going to make money off of or do, there wasn't over 400 grams. |
| State: | Well, I understand that but you understand the law says the material that's in there? |
| Defendant: | Yes, sir, I understand. |

(Emphasis added).

Even in the absence of a record detailing counsel's advice to appellant and counsel's trial strategy, we conclude appellant has failed to establish by a preponderance of the evidence that his attorney's representation fell below an objective standard of reasonableness under prevailing norms. Vasquez v. State, 830 S.W.2d 948, 949 (Tex.Cr.App. 1992). Indeed, given the inaccuracy of appellant's assertions under these points of error, trial counsel can hardly be faulted for "failing" to advise appellant in accordance with them. Thus, having failed to overcome the presumption that trial counsel's conduct could be considered sound trial strategy, appellant's ineffective assistance claims must fail. We overrule his first and second points of error.

By his third point of error, appellant maintains that "[a]s a matter of law, [he] could not be convicted of the offense of manufacturing over 400 grams of methamphetamine

9

where the State's evidence clearly reflected there was less than 400 grams of methamphetamine." Because appellant labors under a misconceived understanding of the law related to the offense of manufacturing a controlled substance, we disagree. In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict, and ask whether a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 ( Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 44 U.S. at 319.

When the State proved that the substances seized from the crime scene had a combined weight of well over 400 grams, and that they contained methamphetamine, regardless of its concentration, it established the elements of the offense as alleged in the indictment beyond a reasonable doubt. *See* Williams v. State, 936 S.W.2d 399, 405 (Tex.App.–Fort Worth 1996, pet. ref'd)(holding that proof of the gross weight of the controlled substance appellant manufactured was sufficient, and that the State need only to have demonstrated that part of the substance was a controlled substance, and that the aggregate weight exceeded the minimum statutory amount). Furthermore, appellant

10

entered into a stipulation of evidence judicially confessing that on the date of the offense he manufactured methamphetamine in an amount of 400 grams or more. In short, the evidence is legally sufficient to support the verdict. Appellant's third point of error is overruled.

With his fourth and final point of error, appellant claims his conviction should be reversed because the attorney for the State "intentionally or recklessly made a false material representation in open court." We disagree. Like appellant's other points of error, this one is premised on his misconception of the law. Appellant faults the attorney for the State for commenting during cross-examination that appellant was responsible for the gross weight of the controlled substance seized from the crime scene. According to appellant, the "State's attorney knew or should have known that his representation . . . was false." Apart from his bald assertion that "[i]n the interest of justice, said cause should be reversed and [appellant] acquitted because of prosecutorial misconduct," however, appellant has failed to provide any argument or authority in support of his position. Notwithstanding that inadequacy, we discern nothing improper about the prosecutor's statement. Indeed, as detailed in length above, the State was merely required to prove that a portion of the substance appellant was charged with manufacturing was a controlled substance, and that the aggregate weight of the seized substances exceeded the minimum statutory amount. *See Williams*, 936 S.W.2d at 405. Thus, the prosecutor's statement was, in fact, a correct statement of the law. Appellant's fourth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.