NUMBER 13-06-647-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EDUARDO MENDEZ VASQUEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 389th District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Garza


 

 Appellant, Eduardo Mendez Vasquez, was charged by indictment with one count
of indecency with a child by contact, a second degree felony. See Tex. Penal Code Ann.
§ 21.11(a)(1) (Vernon 2003). Vasquez pleaded not guilty and proceeded to trial by jury,
which found Vasquez guilty. See id. The trial court assessed punishment at five years'
imprisonment. By five issues, appellant contends that: (1) the evidence was legally
insufficient to support his conviction; (2) the evidence was factually insufficient to support
his conviction; (3) the trial court erred in denying his motion for a directed verdict; (4) the
trial court erred in denying his motion to set aside and quash the indictment; and (5) the
trial court erred in denying his motion for mistrial based upon alleged improper statements
made by the State during its opening statements. We affirm.

I. Factual and Procedural Background

 On February 21, 2006, Vasquez was indicted by a Hidalgo County grand jury in a
one-count indictment alleging that on or about December 16, 2005, Vasquez engaged "in
sexual contact with Cindy,[ (1)] the victim, a child younger than 17 years, and not the spouse
of defendant by then and there touching part of the genitals of the victim, with intent to
arouse and gratify the sexual desire of the defendant . . . ." The alleged sexual contact
centered around an accusation by Cindy that Vasquez had touched her privates over her
clothing when she was "jumping on the couch."

 On May 9, 2006, Vasquez filed a "MOTION TO SET ASIDE/QUASH INDICTMENT
AND EXCEPTION TO THE INDICTMENT," asserting that the indictment was facially
unconstitutional and vague because it failed to specify "what the Defendant allegedly used
(i.e., his finger, an object, etc.) to touch the genitals of the alleged victim (i.e., it fails to
sufficiently describe the manner and means)." As such, Vasquez argued that the
indictment fails to give him fair and reasonable notice of the acts he allegedly committed. 
Vasquez also excepted to the use of the word "victim" in the indictment. (2) Vasquez argued
that usage of the word "victim" in the indictment constituted a comment on the credibility
of the charges, the credibility of the complainant, and the Defendant's guilt, which resulted
in a due process violation. The trial court denied Vasquez's motion on August 29, 2006. 

 The jury trial commenced on August 29, 2006. On the first day of trial, Vasquez
requested a mistrial based upon the State's opening statement that the role of the
prosecutor is to "see that justice is done." Vasquez's trial counsel did not provide any
authority for her contention, and the trial court subsequently denied the motion for mistrial. 
The jury returned a guilty verdict on September 25, 2006, and the trial court assessed
punishment at five years' imprisonment. This appeal ensued. 

II. Legal and Factual Sufficiency Challenges

 In his first two issues on appeal, Vasquez challenges the legal and factual
sufficiency of his conviction. Specifically, Vasquez contends that: (1) the State failed to
adduce evidence demonstrating where the offense occurred, (2) the State failed to
establish that Vasquez was not the spouse of the victim, (3) the State failed to establish
the character of the alleged "touching," and (4) the State did not prove that Vasquez
engaged in the alleged "touching" with intent to satisfy his sexual desire. (3) Conversely, the
State argues that the evidence is legally and factually sufficient to support all of the
essential elements of the underlying offense and that the State was not required to plead
that Vasquez committed the offense "with his hand."

A. Applicable Law

 To assess the legal sufficiency of the evidence to support a conviction, we must
consider all the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt based on that evidence and the reasonable inferences therefrom. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We
must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in
testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts." Jackson, 443 U.S. at 318-19; see Hooper, 214 S.W.3d at 13; Beckham v.
State, 29 S.W.3d 148, 151 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). 

 To obtain a conviction in the instant case, the State was required to prove beyond
a reasonable doubt that Vasquez, with the intent to arouse and gratify his own sexual
desire, engaged in sexual contact with Cindy, a child younger than seventeen years of age
and not his spouse, by touching part of her genitals. Tex. Penal Code Ann. § 21.11(a), (c)
(Vernon 2003).

 In a factual-sufficiency review, we must review the evidence in a neutral light rather
than in the light most favorable to the verdict. Roberts v. State, 220 S.W.3d 521, 524 (Tex.
Crim. App. 2007), cert. denied, 128 S.Ct. 282 (2007); Watson v. State, 204 S.W.3d 404,
414 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The
evidence is factually insufficient when either "the evidence supporting the verdict is so
weak that the verdict seems clearly wrong and manifestly unjust" or "the supporting
evidence is outweighed by the great weight and preponderance of the contrary evidence
so as to render the verdict clearly wrong and manifestly unjust." Roberts, 220 S.W.3d at
524; Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 11. Although we have the
ability to second-guess the jury to a limited extent, our review should nevertheless be
deferential, "with a high level of skepticism about the jury's verdict required before a
reversal can occur." Roberts, 220 S.W.3d at 524; Watson, 204 S.W.3d at 417; see
Saldaña v. State, No. 13-06-180-CR, 2008 Tex. App. LEXIS 1292, at **34-35 (Tex.
App.-Corpus Christi Feb. 21, 2008, no pet h.).

B. Discussion

 At trial, Cindy, the child victim, testified that she was seven years old at the time of
trial. She further testified that her mother, Y.G., would sometimes go out and leave her in
the care of "Lalo," a man who lived with Y.G. and Cindy. Cindy identified Vasquez as the
person she knew as "Lalo." Cindy then identified her "private" on a drawing as the female
sexual organ and noted that "Lalo" had touched her on her "private." With respect to the
actual touching, the following exchange occurred: 


 Q: [The State] I'm am [sic] going to show you another picture. Can
you tell us what this picture is?

 

 A: [Cindy] A boy.

 

 Q: Can you write your name up there, please? Can you
show me with what part of the body Lalo touched you
with? Show me on there what part of the body did Lalo
touch you with. Okay. What part is that called?

 

 A: Private.

 

 Q: Okay. Did he used any other part of his body to touch
you?

 

 A: No.


Upon further questioning by the State, Cindy stated that "Lalo" had touched her with his
hands rather than his "private." (4) Cindy also noted that "Lalo" had touched her "private"
immediately after she had been jumping on the couch.

 E.G., the victim's grandmother, testified that she had lived in Hidalgo County all her
life; that Y.G., Cindy, and five other people, including "Lalo," lived in a two-bedroom house
behind her house in McAllen; and that Cindy and "Lalo" were not married at the time of the
incident. E.G. confirmed Cindy's testimony that the family referred to Vasquez as "Lalo." 
E.G. stated that she watched Cindy and two other grandchildren while Y.G. would go out
clubbing and drinking until a change in E.G.'s work schedule necessitated a change in the
babysitting arrangement. E.G. testified that once her work hours changed, Y.G. was forced
to leave Cindy and the two other grandchildren in Lalo's care when she would frequently
go out. E.G. noted that one night, when she came home later from work at 2:30 a.m., she
found Cindy awake and waiting in her bedroom. Cindy expressed that she was fearful of
going home because she "didn't feel comfortable being around men." Upon further
questioning by E.G., Cindy disclosed that Lalo bothered her and that he would touch her
privates. However, Cindy declined to show E.G. how she had been touched. E.G. further
disclosed that after she talked to Cindy about Lalo's conduct, Cindy acted sad, did not play
as usual, was always by herself, and always had her "little hands in her mouth." After
Cindy's disclosure, E.G. suggested to Y.G. that she take Cindy "to get checked." 

 Lorie Guerrero, a sexual assault nurse examiner, testified that she examined Cindy
on January 9, 2006. Based on her examination of Cindy, Guerrero noted that the
"mechanism of trauma" was by "touching" and that Cindy had a rash and some redness
around her vagina. Guerrero diagnosed Cindy with vaginitis. Guerrero also noted that
Y.G. had brought in some of Cindy's panties which had reddish-brown stains in the crotch. 
Guerrero stated that such stains come from vaginal irritation and that Cindy had not started
menstruating at that time. Finally, Guerrero testified that Cindy disclosed to her that the
perpetrator "touched me here [in the vaginal area] with his hand," that it had happened
"before Christmas," and it hurt her to "pee." (5)

 Crystal Anderson, a forensic scientist with the Texas Department of Public Safety,
testified that she conducted forensic tests on Cindy's panties that the McAllen Police
Department had marked as evidence. Anderson found that there was blood in the crotch
area of the panties, but "no acid phosphatase, which was the presumptive test for semen." 
Anderson, however, was not able to match the blood to Vasquez or Cindy because she did
not receive a blood sample from either individual.

 Yulissa Salazar, a McAllen police officer, testified that she had conducted a
videotaped interview with Cindy on January 12, 2006. In this interview, Cindy disclosed
that Vasquez had touched her private part over her clothing with his hand and that the
touching occurred at her home in McAllen. Cindy also disclosed to Officer Salazar that the
touching made her feel "bad" and "sad." Officer Salazar noted that Cindy correctly
identified her private part as her vagina.

 After hearing all of the testimony, the jury convicted Vasquez of indecency with a
child by contact. (6) See Beckham v. State, 29 S.W.3d 148, 151 (Tex. App.-Houston [14th
Dist.] 2000, pet. ref'd) (noting that the trier of fact is the sole judge of the facts, the
credibility of witnesses, and the weight to be given to their testimony). The evidence
demonstrates that Vasquez engaged in sexual contact, i.e. touched the genitals of a child,
with Cindy, a child younger than seventeen years of age and not his spouse, with the intent
to arouse and gratify his own sexual desire in Hidalgo County. See Tex. Penal Code Ann.
§ 21.11(a), (c). Therefore, based on the foregoing, we conclude that the jury was rationally
justified in finding guilt beyond a reasonable doubt and that the evidence was legally and
factually sufficient to support Vasquez's conviction. We overrule Vasquez's first and
second issues on appeal. 

III. Vasquez's Motion for Directed Verdict

 In his third issue on appeal, Vasquez contends that the trial court erred in denying
his motion for a directed verdict. Vasquez argues that the State failed to adduce sufficient
evidence at trial to prove the essential elements of the offense charged beyond a
reasonable doubt. 

 We treat a challenge to a trial court's denial of a directed verdict as a challenge to
the legal sufficiency of the evidence. See Williams v. State, 937 S.W.2d 479, 482 (Tex.
Crim. App. 1996); see also Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993);
Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990) ("A challenge to the trial
judge's ruling on a motion for an instructed verdict is in actuality a challenge to the
sufficiency of the evidence to support the conviction."). Because we have already
concluded that the evidence was legally sufficient to support Vasquez's conviction, we
need not further analyze Vasquez's contention as to his motion for directed verdict. See
Williams, 937 S.W.2d at 482; see also Cook, 858 S.W.2d at 470; Madden, 799 S.W.2d at
686. Accordingly, we overrule Vasquez's third issue.

IV. Vasquez's Motion to Set Aide and Quash the Indictment

 In his fourth issue on appeal, Vasquez asserts that the trial court erred in denying
his motion to set aside and quash the indictment because he was denied his "right to
notice sufficient to properly and effectively mount a defense and perhaps more importantly
to bar subsequent prosecution for the same offense, thereby denying [his] right to effective
assistance of counsel and his right to a fair trial." Specifically, Vasquez takes issue with
the failure of the State to specify the exact method of "touching" in the indictment. The
State asserts that Vasquez waived this issue for appellate review. In the alternative, the
State argues that even if Vasquez had preserved this issue for appeal, the issue would fail
because the indictment did not need to contain "with his hand" to adequately notify
Vasquez.

A. Applicable Law

 The sufficiency of an indictment is a question of law and is reviewed de novo. State
v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (citing Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997)). The indictment must be specific enough to inform the
defendant of the nature of the accusations against him so that he may prepare a defense.
Id. However, this due process requirement may be satisfied by means other than the
language in the charging instrument. Kellar v. State, 108 S.W.3d 311, 313 (Tex. Crim.
App. 2003). When a motion to quash is overruled, a defendant suffers no harm unless he
did not, in fact, receive notice of the State's theory against which he would have to defend.
Id. Except in rare cases, a charging instrument that tracks the language of a criminal
statute possesses sufficient specificity to provide a defendant with notice of a charged
offense, and the State need not allege facts which are merely evidentiary in nature. See
Moff, 154 S.W.3d at 602; State v. Edmond, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996).

B. Discussion

 As a preliminary matter, we will briefly address the State's contention that Vasquez
waived this issue for appeal. At trial, when asked by the trial court if she had authority for
her contention that the indictment be quashed, Vasquez's trial counsel stated the following: 
"No, Judge, other than this doesn't say specifically how he did it, whether he used a finger
or an object to penetrate the child or to touch the child." Vasquez's trial counsel did not
offer additional authority for her contentions; the trial court, therefore, denied the motion
to quash the indictment. On appeal, Vasquez essentially makes the same argument in
asserting that the trial court should have quashed the indictment: that the indictment does
not specify how the offense was committed. We therefore conclude that Vasquez has
preserved this issue for appeal. See Tex. R. App. P. 33.1(a).

 The indictment alleged that:


 . . . EDUARDO MENDEZ VASQUEZ hereinafter styled Defendant, on or
about the 16 th day of December A.D., 2005, and before the presentment of
this indictment, in Hidalgo County, Texas, did then and there engage in
sexual contact with Cindy, the victim, a child younger than 17 years, and not
the spouse of defendant by then and there touching part of the genitals of
the victim, with intent to arouse and gratify the sexual desire of the defendant
. . . .


The indictment clearly tracks the language of section 21.11 of the penal code and alleges
all the requisite elements: that Vasquez "did then and there" (1) engage in sexual contact,
(2) with a child younger than 17 years and not the person's spouse, (3) with intent to
arouse or gratify the sexual desire of any person. See Tex. Penal Code Ann. § 21.11(a). 

 Vasquez, however, challenges the sufficiency of the notice afforded by the word
"touching" which is found within the definition of "sexual contact." See id. § 21.11(c)(1). 
Section 21.11 of the Texas Penal Code provides that the term "sexual contact," which was
a term used in the indictment, means "any touching by a person, including touching
through clothing, of the anus, breast, or any part of the genitals of a child." Id. §
21.11(c)(1) (emphasis added). 

 Several Texas courts have rejected the argument made by Vasquez as long as the
indictment tracked the statutory language defining the criminal activity. See State v. Mays,
967 S.W.2d 404, 406-09 (Tex. Crim. App. 1998) ("The indictment in this case, by carefully
tracking the statutory definition of a manner or means of commission of barratry, provided
ample notice to appellee [Mays] and met constitutional and statutory requirements"); State
v. Shuck, 222 S.W.3d 113, 114-16 (Tex. App.-Houston [14th Dist.] 2006, no pet.)
(concluding that (1) by tracking the statutory definition of sexual conduct, the indictment
sufficiently alleged the manner or means by which the defendant had committed indecency
with a child by contact; and (2) the method of touching is evidentiary in nature and need
not be specifically alleged in the indictment); Hilliard v. State, 652 S.W.2d 602, 605 (Tex.
App.-Austin 1983, writ ref'd) ("The method by which appellant 'touched' the complainant,
is essentially evidentiary. . . . The indictment in the instant case did not deny appellant
precise notice of the nature of the accusation against him. No error is shown in the trial
court's refusal to quash the indictment."). We therefore conclude that: (1) given the
indictment carefully tracked the statutory definition of the offense of indecency with a child
by contact, Vasquez had sufficient notice of the accusations against him; (2) the State was
not required to allege the method of touching as it was evidentiary in nature; and (3) the
trial court did not err in refusing to quash the indictment. Accordingly, we overrule
Vasquez's fourth issue on appeal. 

V. Alleged Improper Argument by the State In his fifth issue on appeal, Vasquez asserts that the trial court erred in denying his
motion for a mistrial because the State allegedly made an improper argument when
commenting that it was there "to see justice done." Vasquez notes that this comment
inferred that the State was "right and just" and that the prosecutor essentially attempted
to "reach over the shoulders of defense counsel and strike at Appellant . . . [and] to color
the evidence that would later be produced." The State counters by arguing that the issue
had not been preserved for appellate review. Furthermore, the State argues that the
comments were not improper and that even if the comments were deemed improper,
Vasquez was not harmed.

A. Applicable Law

 To preserve error in prosecutorial argument, a defendant must pursue to an adverse
ruling his objections to jury argument. Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim.
App. 2007). As stated in Young v. State, the usual sequence is objection, instruction to
disregard, and motion for mistrial, but:

 this sequence is not essential to preserve complaints for appellate review. 
The essential requirement is a timely, specific request that the trial court
refuses. . . . Similarly, the request for an instruction that the jury disregard
an objectionable occurrence is essential only when the [sic] such an
instruction could have had the desired effect, which is to enable the
continuation of the trial by a [sic] impartial jury. The party who fails to
request an instruction to disregard will have forfeited appellate review of that
class of events that could have been "cured" by such an instruction. But if
an instruction could not have had such an effect, the only suitable remedy
is a mistrial, and a motion for a mistrial is the only essential prerequisite to
presenting the complaint on appeal. . . . Accordingly, when a party's first
action is to move for mistrial . . . the scope of appellate review is limited to
the question whether the trial court erred in not taking the most serious
action of ending the trial; in other words, an event that could have been
prevented by timely objection or cured by instruction to the jury will not lead
an appellate court to reverse a judgment on appeal by the party who did not
request these lesser remedies in the trial court. Limited as this scope of
appellate review may be, such an appellate review is available to such a
party. 


137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004) (footnotes omitted).

B. Discussion

 In its opening statement on the first day of trial, the State made the following
comments:


 [The State]: In this courthouse, we handle two different types of
cases: We have felony cases and we have
misdemeanor cases. Your felony cases are considered
more serious cases, okay? Possible punishment: 
[p]rison, state jail, jail, probation, fine. 

 

 Misdemeanor cases are handled in county
courts. Misdemeanor cases are less serious: [j]ail,
probation, fine, stuff like that. 

 

 I am an assistant district attorney and my job is
to see that justice is done. That's what we do. We see
that justice is done.

 

 The Defense attorney [sic], Ms. Miller and Mr.
Shultz, they have a different role. Their job is to
represent their client.


After which, the following exchange occurred:


 MS. MILLER: I object, Judge. That's an improper argument. I believe
she is arguing--may we approach?

 

 THE COURT: Sure.

 

 (The following conference was held at the bench.)

 

 THE COURT: Okay.

 

 MS. MILLER: I ask for a mistrial.

 

 THE COURT: I can't even hear you.

 

 MS. MILLER: I am asking for a mistrial because the State's argument
is improper. She took an oath to seek justice is done,
basically saying that my client must be guilty.

 

 She took an oath and he didn't. I believe that's
improper argument and I ask for a mistrial.


 THE COURT: Denied. Go ahead.


 Clearly, the record reflects that Vasquez's trial counsel objected to the alleged
improper argument by the State. The record does not demonstrate that Vasquez's trial
counsel received a ruling on her original objection. (7) Vasquez's trial counsel did, however,
request a mistrial and pursued that request to an adverse ruling. The court of criminal
appeals has held that an issue pertaining to prosecutorial argument is preserved even if
a motion for mistrial is the first or only action taken. See Young, 137 S.W.3d at 69-70. 
However, the scope of appellate review is limited in such cases. Id. Based on the
foregoing facts and the holding of the court of criminal appeals in Young, we conclude this
issue was preserved for appeal considering a timely and specific request was made to the
trial court, and it was subsequently denied. See id. 

 We will now analyze the content of the State's comments during opening statement
for any impropriety within the limited scope of appellate review described in Young. See
id. The specific comment in which Vasquez takes issue with is the State's insistence that
it is to "see that justice is done." We do not find this comment to be improper, especially
in light of article 2.01 of the code of criminal procedure. Code Crim. Proc. Ann. art. 2.01
(Vernon 2005). Section 2.01 of the code of criminal procedure provides the following with
respect to the duties of district attorneys: "[i]t shall be the primary duty of all prosecuting
attorneys, including any special prosecutors, not to convict, but to see that justice is done." 
Id. (emphasis added). The State's comments during opening statement merely tracks the
statutory language addressing the duties of district attorneys. As such, the State's
comments were not improper and certainly do not justify "the most serious action of ending
the trial." See Young, 137 S.W.3d at 69-70. 

 Furthermore, at trial, Vasquez made an argument suggesting that the State
mentioned that since its attorneys must take an oath of office, then their actions must be
"right and just." However, this contention is unfounded because in reviewing the record,
we are unable to find any reference by the State pertaining to an oath of office. In any
event, we note that at no point did Vasquez's trial counsel seek an instruction to disregard. 
If the comments were, in fact, deemed to be improper, an instruction to disregard would
have been sufficient to remedy any harm. Therefore, based on the foregoing, we conclude
that the State's comment was not improper and, accordingly, we overrule Vasquez's fifth
issue on appeal. 

VI. Conclusion

 Having overruled all of Vasquez's issues on appeal, we affirm the judgment of the
trial court. 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 1st day of May, 2008. 



 
1. The indictment refers to the victim as Cindy; however, the name, Cindy, is a pseudonym for the
victim's real name, S.G. The parties commonly refer to the victim by her pseudonym, and we will do the
same.
2. Vasquez does not raise this issue on appeal.
3. Vasquez asserts that the alleged touching, if any actually occurred, was accidental in reprimanding
Cindy for jumping on the couch.
4. Vasquez argues that the apparent conflicting testimony given by Cindy failed to establish that a
touching occurred. We note, however, that the governing statute only requires the State to prove that some
touching occurred, not the precise method of the touching. See Tex. Penal Code Ann. § 21.11(c)(1) ("any
touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of
a child" constitutes "sexual contact") (emphasis added). In any event, the reconciliation of any conflicts in the
evidence is within the exclusive province of the jury, as Vasquez concedes. Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
5. Guerrero testified that in examining Cindy on January 9, 2006, she found fecal matter on Cindy,
which indicated that Cindy had some hygiene issues. Guerrero noted that there was no physical finding that
Cindy had been touched and that she based her finding on Cindy's outcry statement that she had been
touched. However, we note that it is well established that outcry testimony is substantive evidence of guilt that
is sufficient to support a conviction beyond a reasonable doubt. See Rodriguez v. State, 819 S.W.2d 871, 873
(Tex. Crim. App. 1991); see also Saldaña v. State, No. 13-06-180-CR, 2008 Tex. App. LEXIS 1292, at *37
(Tex. App.-Corpus Christi Feb. 28, 2008, no pet. h.).
6. We note that specific intent to arouse or gratify the sexual desire of a person as an element of the
offense of indecency with a child by contact can be inferred from conduct, remarks, or all surrounding
circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). The jury was
free to infer the requisite intent from Vasquez's conduct, remarks, or all surrounding circumstances. See id. 
An oral expression of intent is not required, nor is there a requirement that a male offender's penis be erect. 
Gregory v. State, 56 S.W.3d 164, 171 (Tex. App.-Houston [14th Dist.] 2001, pet. dism'd). Cindy's testimony
that Vasquez had touched her vagina while she was in his sole care and that the touching made her feel "bad"
and "sad," leads to an inference that Vasquez harbored a specific intent to arouse or gratify his own sexual
desire. See id. at 172 (citing Montgomery v. State, 810 S.W.2d 372, 396 (Tex. Crim. App. 1990)). In any
event, viewing the testimony under our deferential standard, a rational trier of fact could have found, beyond
a reasonable doubt, that Vasquez had the specific intent to arouse or gratify his sexual desires by touching
Cindy. See Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); see also Gregory, 56 S.W.3d at 171.
7. The record indicates that Vasquez's trial counsel abandoned her objection when she failed to secure
a ruling on the objection from the trial court and when she immediately requested a mistrial, which was
subsequently denied.