

**NUMBER 13-06-647-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**EDUARDO MENDEZ VASQUEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 389th District Court of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant, Eduardo Mendez Vasquez, was charged by indictment with one count of indecency with a child by contact, a second degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). Vasquez pleaded not guilty and proceeded to trial by jury, which found Vasquez guilty. *See id.* The trial court assessed punishment at five years' imprisonment. By five issues, appellant contends that: (1) the evidence was legally

insufficient to support his conviction; (2) the evidence was factually insufficient to support his conviction; (3) the trial court erred in denying his motion for a directed verdict; (4) the trial court erred in denying his motion to set aside and quash the indictment; and (5) the trial court erred in denying his motion for mistrial based upon alleged improper statements made by the State during its opening statements.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2006, Vasquez was indicted by a Hidalgo County grand jury in a one-count indictment alleging that on or about December 16, 2005, Vasquez engaged "in sexual contact with Cindy,[1] the victim, a child younger than 17 years, and not the spouse of defendant by then and there touching part of the genitals of the victim, with intent to arouse and gratify the sexual desire of the defendant . . . ."  The alleged sexual contact centered around an accusation by Cindy that Vasquez had touched her privates over her clothing when she was "jumping on the couch."

On May 9, 2006, Vasquez filed a "MOTION TO SET ASIDE/QUASH INDICTMENT AND EXCEPTION TO THE INDICTMENT," asserting that the indictment was facially unconstitutional and vague because it failed to specify "what the Defendant allegedly used (i.e., his finger, an object, etc.) to touch the genitals of the alleged victim (i.e., it fails to sufficiently describe the manner and means)."  As such, Vasquez argued that the indictment fails to give him fair and reasonable notice of the acts he allegedly committed. Vasquez also excepted to the use of the word "victim" in the indictment.[2]  Vasquez argued

---

[1] The indictment refers to the victim as Cindy; however, the name, Cindy, is a pseudonym for the victim's real name, S.G.  The parties commonly refer to the victim by her pseudonym, and we will do the same.

[2] Vasquez does not raise this issue on appeal.

2

that usage of the word "victim" in the indictment constituted a comment on the credibility of the charges, the credibility of the complainant, and the Defendant's guilt, which resulted in a due process violation.  The trial court denied Vasquez's motion on August 29, 2006.

The jury trial commenced on August 29, 2006.  On the first day of trial, Vasquez requested a mistrial based upon the State's opening statement that the role of the prosecutor is to "see that justice is done."  Vasquez's trial counsel did not provide any authority for her contention, and the trial court subsequently denied the motion for mistrial. The jury returned a guilty verdict on September 25, 2006, and the trial court assessed punishment at five years' imprisonment.  This appeal ensued.

## II. LEGAL AND FACTUAL SUFFICIENCY CHALLENGES

In his first two issues on appeal, Vasquez challenges the legal and factual sufficiency of his conviction.  Specifically, Vasquez contends that:  (1) the State failed to adduce evidence demonstrating where the offense occurred, (2) the State failed to establish that Vasquez was not the spouse of the victim, (3) the State failed to establish the character of the alleged "touching," and (4) the State did not prove that Vasquez engaged in the alleged "touching" with intent to satisfy his sexual desire.[3]  Conversely, the State argues that the evidence is legally and factually sufficient to support all of the essential elements of the underlying offense and that the State was not required to plead that Vasquez committed the offense "with his hand."

### A. Applicable Law

To assess the legal sufficiency of the evidence to support a conviction, we must

---

[3] Vasquez asserts that the alleged touching, if any actually occurred, was accidental in reprimanding Cindy for jumping on the couch.

3

consider all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt based on that evidence and the reasonable inferences therefrom. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 318-19*; see Hooper*, 214 S.W.3d at 13; *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).

To obtain a conviction in the instant case, the State was required to prove beyond a reasonable doubt that Vasquez, with the intent to arouse and gratify his own sexual desire, engaged in sexual contact with Cindy, a child younger than seventeen years of age and not his spouse, by touching part of her genitals. TEX. PENAL CODE ANN. § 21.11(a), (c) (Vernon 2003).

In a factual-sufficiency review, we must review the evidence in a neutral light rather than in the light most favorable to the verdict. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007), *cert. denied*, 128 S.Ct. 282 (2007); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The evidence is factually insufficient when either "the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust" or "the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust." *Roberts*, 220 S.W.3d at

4

524; *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 11.  Although we have the ability to second-guess the jury to a limited extent, our review should nevertheless be deferential, "with a high level of skepticism about the jury's verdict required before a reversal can occur."  *Roberts*, 220 S.W.3d at 524; *Watson*, 204 S.W.3d at 417; *see Saldaña v. State*, No. 13-06-180-CR, 2008 Tex. App. LEXIS 1292, at **34-35 (Tex. App.–Corpus Christi Feb. 21, 2008, no pet h.).

## B. Discussion

At trial, Cindy, the child victim, testified that she was seven years old at the time of trial.  She further testified that her mother, Y.G., would sometimes go out and leave her in the care of "Lalo," a man who lived with Y.G. and Cindy.  Cindy identified Vasquez as the person she knew as "Lalo."  Cindy then identified her "private" on a drawing as the female sexual organ and noted that "Lalo" had touched her on her "private."  With respect to the actual touching, the following exchange occurred:

Q: [The State]    I'm am [sic] going to show you another picture.  Can you tell us what this picture is?

A: [Cindy]    A boy.

Q:    Can you write your name up there, please?  Can you show me with what part of the body Lalo touched you with?  Show me on there what part of the body did Lalo touch you with.  Okay.  What part is that called?

A:    Private.

Q:    Okay.  Did he used any other part of his body to touch you?

A:    No.

5

Upon further questioning by the State, Cindy stated that "Lalo" had touched her with his hands rather than his "private."[4] Cindy also noted that "Lalo" had touched her "private" immediately after she had been jumping on the couch.

E.G., the victim's grandmother, testified that she had lived in Hidalgo County all her life; that Y.G., Cindy, and five other people, including "Lalo," lived in a two-bedroom house behind her house in McAllen; and that Cindy and "Lalo" were not married at the time of the incident. E.G. confirmed Cindy's testimony that the family referred to Vasquez as "Lalo." E.G. stated that she watched Cindy and two other grandchildren while Y.G. would go out clubbing and drinking until a change in E.G.'s work schedule necessitated a change in the babysitting arrangement. E.G. testified that once her work hours changed, Y.G. was forced to leave Cindy and the two other grandchildren in Lalo's care when she would frequently go out. E.G. noted that one night, when she came home later from work at 2:30 a.m., she found Cindy awake and waiting in her bedroom. Cindy expressed that she was fearful of going home because she "didn't feel comfortable being around men." Upon further questioning by E.G., Cindy disclosed that Lalo bothered her and that he would touch her privates. However, Cindy declined to show E.G. how she had been touched. E.G. further disclosed that after she talked to Cindy about Lalo's conduct, Cindy acted sad, did not play as usual, was always by herself, and always had her "little hands in her mouth." After Cindy's disclosure, E.G. suggested to Y.G. that she take Cindy "to get checked."

---

[4] Vasquez argues that the apparent conflicting testimony given by Cindy failed to establish that a touching occurred. We note, however, that the governing statute only requires the State to prove that some touching occurred, not the precise method of the touching. *See* TEX. PENAL CODE ANN. § 21.11(c)(1) ("*any touching* by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" constitutes "sexual contact") (emphasis added). In any event, the reconciliation of any conflicts in the evidence is within the exclusive province of the jury, as Vasquez concedes. *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

6

Lorie Guerrero, a sexual assault nurse examiner, testified that she examined Cindy on January 9, 2006. Based on her examination of Cindy, Guerrero noted that the "mechanism of trauma" was by "touching" and that Cindy had a rash and some redness around her vagina. Guerrero diagnosed Cindy with vaginitis. Guerrero also noted that Y.G. had brought in some of Cindy's panties which had reddish-brown stains in the crotch. Guerrero stated that such stains come from vaginal irritation and that Cindy had not started menstruating at that time. Finally, Guerrero testified that Cindy disclosed to her that the perpetrator "touched me here [in the vaginal area] with his hand," that it had happened "before Christmas," and it hurt her to "pee."[5]

Crystal Anderson, a forensic scientist with the Texas Department of Public Safety, testified that she conducted forensic tests on Cindy's panties that the McAllen Police Department had marked as evidence. Anderson found that there was blood in the crotch area of the panties, but "no acid phosphatase, which was the presumptive test for semen." Anderson, however, was not able to match the blood to Vasquez or Cindy because she did not receive a blood sample from either individual.

Yulissa Salazar, a McAllen police officer, testified that she had conducted a videotaped interview with Cindy on January 12, 2006. In this interview, Cindy disclosed that Vasquez had touched her private part over her clothing with his hand and that the touching occurred at her home in McAllen. Cindy also disclosed to Officer Salazar that the

---

[5] Guerrero testified that in examining Cindy on January 9, 2006, she found fecal matter on Cindy, which indicated that Cindy had some hygiene issues. Guerrero noted that there was no physical finding that Cindy had been touched and that she based her finding on Cindy's outcry statement that she had been touched. However, we note that it is well established that outcry testimony is substantive evidence of guilt that is sufficient to support a conviction beyond a reasonable doubt. *See Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); *see also Saldaña v. State*, No. 13-06-180-CR, 2008 Tex. App. LEXIS 1292, at *37 (Tex. App.–Corpus Christi Feb. 28, 2008, no pet. h.).

7

touching made her feel "bad" and "sad." Officer Salazar noted that Cindy correctly identified her private part as her vagina.

After hearing all of the testimony, the jury convicted Vasquez of indecency with a child by contact.[6] *See Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd) (noting that the trier of fact is the sole judge of the facts, the credibility of witnesses, and the weight to be given to their testimony). The evidence demonstrates that Vasquez engaged in sexual contact, i.e. touched the genitals of a child, with Cindy, a child younger than seventeen years of age and not his spouse, with the intent to arouse and gratify his own sexual desire in Hidalgo County. *See* TEX. PENAL CODE ANN. § 21.11(a), (c). Therefore, based on the foregoing, we conclude that the jury was rationally justified in finding guilt beyond a reasonable doubt and that the evidence was legally and factually sufficient to support Vasquez's conviction. We overrule Vasquez's first and second issues on appeal.

### III. VASQUEZ'S MOTION FOR DIRECTED VERDICT

In his third issue on appeal, Vasquez contends that the trial court erred in denying his motion for a directed verdict. Vasquez argues that the State failed to adduce sufficient evidence at trial to prove the essential elements of the offense charged beyond a

---

[6] We note that specific intent to arouse or gratify the sexual desire of a person as an element of the offense of indecency with a child by contact can be inferred from conduct, remarks, or all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). The jury was free to infer the requisite intent from Vasquez's conduct, remarks, or all surrounding circumstances. *See id.* An oral expression of intent is not required, nor is there a requirement that a male offender's penis be erect. *Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.–Houston [14th Dist.] 2001, pet. dism'd). Cindy's testimony that Vasquez had touched her vagina while she was in his sole care and that the touching made her feel "bad" and "sad," leads to an inference that Vasquez harbored a specific intent to arouse or gratify his own sexual desire. *See id.* at 172 (citing *Montgomery v. State*, 810 S.W.2d 372, 396 (Tex. Crim. App. 1990)). In any event, viewing the testimony under our deferential standard, a rational trier of fact could have found, beyond a reasonable doubt, that Vasquez had the specific intent to arouse or gratify his sexual desires by touching Cindy. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see also Gregory*, 56 S.W.3d at 171.

reasonable doubt.

We treat a challenge to a trial court's denial of a directed verdict as a challenge to the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *see also Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993); *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990) ("A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction."). Because we have already concluded that the evidence was legally sufficient to support Vasquez's conviction, we need not further analyze Vasquez's contention as to his motion for directed verdict. *See Williams*, 937 S.W.2d at 482; *see also Cook*, 858 S.W.2d at 470; *Madden*, 799 S.W.2d at 686. Accordingly, we overrule Vasquez's third issue.

## IV. Vasquez's Motion to Set Aide and Quash the Indictment

In his fourth issue on appeal, Vasquez asserts that the trial court erred in denying his motion to set aside and quash the indictment because he was denied his "right to notice sufficient to properly and effectively mount a defense and perhaps more importantly to bar subsequent prosecution for the same offense, thereby denying [his] right to effective assistance of counsel and his right to a fair trial." Specifically, Vasquez takes issue with the failure of the State to specify the exact method of "touching" in the indictment. The State asserts that Vasquez waived this issue for appellate review. In the alternative, the State argues that even if Vasquez had preserved this issue for appeal, the issue would fail because the indictment did not need to contain "with his hand" to adequately notify Vasquez.

9

## A. Applicable Law

The sufficiency of an indictment is a question of law and is reviewed de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may prepare a defense. *Id.* However, this due process requirement may be satisfied by means other than the language in the charging instrument. *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). When a motion to quash is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend. *Id.* Except in rare cases, a charging instrument that tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense, and the State need not allege facts which are merely evidentiary in nature. *See Moff*, 154 S.W.3d at 602; *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996).

## B. Discussion

As a preliminary matter, we will briefly address the State's contention that Vasquez waived this issue for appeal. At trial, when asked by the trial court if she had authority for her contention that the indictment be quashed, Vasquez's trial counsel stated the following: "No, Judge, other than this doesn't say specifically how he did it, whether he used a finger or an object to penetrate the child or to touch the child." Vasquez's trial counsel did not offer additional authority for her contentions; the trial court, therefore, denied the motion to quash the indictment. On appeal, Vasquez essentially makes the same argument in asserting that the trial court should have quashed the indictment: that the indictment does

10

not specify how the offense was committed. We therefore conclude that Vasquez has preserved this issue for appeal. *See* TEX. R. APP. P. 33.1(a).

The indictment alleged that:

. . . EDUARDO MENDEZ VASQUEZ hereinafter styled Defendant, on or about the 16 th day of December A.D., 2005, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there engage in sexual contact with Cindy, the victim, a child younger than 17 years, and not the spouse of defendant by then and there touching part of the genitals of the victim, with intent to arouse and gratify the sexual desire of the defendant . . . .

The indictment clearly tracks the language of section 21.11 of the penal code and alleges all the requisite elements: that Vasquez "did then and there" (1) engage in sexual contact, (2) with a child younger than 17 years and not the person's spouse, (3) with intent to arouse or gratify the sexual desire of any person. *See* TEX. PENAL CODE ANN. § 21.11(a).

Vasquez, however, challenges the sufficiency of the notice afforded by the word "touching" which is found within the definition of "sexual contact." *See id.* § 21.11(c)(1). Section 21.11 of the Texas Penal Code provides that the term "sexual contact," which was a term used in the indictment, means "*any touching* by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *Id.* § 21.11(c)(1) (emphasis added).

Several Texas courts have rejected the argument made by Vasquez as long as the indictment tracked the statutory language defining the criminal activity. *See State v. Mays*, 967 S.W.2d 404, 406-09 (Tex. Crim. App. 1998) ("The indictment in this case, by carefully tracking the statutory definition of a manner or means of commission of barratry, provided ample notice to appellee [Mays] and met constitutional and statutory requirements"); *State*

*v. Shuck*, 222 S.W.3d 113, 114-16 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (concluding that (1) by tracking the statutory definition of sexual conduct, the indictment sufficiently alleged the manner or means by which the defendant had committed indecency with a child by contact; and (2) the method of touching is evidentiary in nature and need not be specifically alleged in the indictment); *Hilliard v. State*, 652 S.W.2d 602, 605 (Tex. App.–Austin 1983, writ ref'd) ("The method by which appellant 'touched' the complainant, is essentially evidentiary. . . . The indictment in the instant case did not deny appellant precise notice of the nature of the accusation against him. No error is shown in the trial court's refusal to quash the indictment."). We therefore conclude that: (1) given the indictment carefully tracked the statutory definition of the offense of indecency with a child by contact, Vasquez had sufficient notice of the accusations against him; (2) the State was not required to allege the method of touching as it was evidentiary in nature; and (3) the trial court did not err in refusing to quash the indictment. Accordingly, we overrule Vasquez's fourth issue on appeal.

## V. ALLEGED IMPROPER ARGUMENT BY THE STATE

In his fifth issue on appeal, Vasquez asserts that the trial court erred in denying his motion for a mistrial because the State allegedly made an improper argument when commenting that it was there "to see justice done." Vasquez notes that this comment inferred that the State was "right and just" and that the prosecutor essentially attempted to "reach over the shoulders of defense counsel and strike at Appellant . . . [and] to color the evidence that would later be produced." The State counters by arguing that the issue had not been preserved for appellate review. Furthermore, the State argues that the

comments were not improper and that even if the comments were deemed improper,

Vasquez was not harmed.

## A. Applicable Law

To preserve error in prosecutorial argument, a defendant must pursue to an adverse

ruling his objections to jury argument. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim.

App. 2007). As stated in *Young v. State*, the usual sequence is objection, instruction to

disregard, and motion for mistrial, but:

> this sequence is not essential to preserve complaints for appellate review. The essential requirement is a timely, specific request that the trial court refuses. . . . Similarly, the request for an instruction that the jury disregard an objectionable occurrence is essential only when the [sic] such an instruction could have had the desired effect, which is to enable the continuation of the trial by a [sic] impartial jury. The party who fails to request an instruction to disregard will have forfeited appellate review of that class of events that could have been "cured" by such an instruction. But if an instruction could not have had such an effect, the only suitable remedy is a mistrial, and a motion for a mistrial is the only essential prerequisite to presenting the complaint on appeal. . . . Accordingly, when a party's first action is to move for mistrial . . . the scope of appellate review is limited to the question whether the trial court erred in not taking the most serious action of ending the trial; in other words, an event that could have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on appeal by the party who did not request these lesser remedies in the trial court. Limited as this scope of appellate review may be, such an appellate review is available to such a party.

137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004) (footnotes omitted).

## B. Discussion

In its opening statement on the first day of trial, the State made the following
comments:

[The State]:          In this courthouse, we handle two different types of
                      cases:    We  have  felony  cases  and  we  have

13

misdemeanor cases. Your felony cases are considered more serious cases, okay? Possible punishment: [p]rison, state jail, jail, probation, fine.

Misdemeanor cases are handled in county courts. Misdemeanor cases are less serious: [j]ail, probation, fine, stuff like that.

I am an assistant district attorney and my job is to see that justice is done. That's what we do. We see that justice is done.

The Defense attorney [sic], Ms. Miller and Mr. Shultz, they have a different role. Their job is to represent their client.

After which, the following exchange occurred:

MS. MILLER: I object, Judge. That's an improper argument. I believe she is arguing—may we approach?

THE COURT: Sure.

(The following conference was held at the bench.)

THE COURT: Okay.

MS. MILLER: I ask for a mistrial.

THE COURT: I can't even hear you.

MS. MILLER: I am asking for a mistrial because the State's argument is improper. She took an oath to seek justice is done, basically saying that my client must be guilty.

She took an oath and he didn't. I believe that's improper argument and I ask for a mistrial.

THE COURT: Denied. Go ahead.

Clearly, the record reflects that Vasquez's trial counsel objected to the alleged

14

improper argument by the State. The record does not demonstrate that Vasquez's trial counsel received a ruling on her original objection.[7] Vasquez's trial counsel did, however, request a mistrial and pursued that request to an adverse ruling. The court of criminal appeals has held that an issue pertaining to prosecutorial argument is preserved even if a motion for mistrial is the first or only action taken. *See Young*, 137 S.W.3d at 69-70. However, the scope of appellate review is limited in such cases. *Id.* Based on the foregoing facts and the holding of the court of criminal appeals in *Young*, we conclude this issue was preserved for appeal considering a timely and specific request was made to the trial court, and it was subsequently denied. *See id*.

We will now analyze the content of the State's comments during opening statement for any impropriety within the limited scope of appellate review described in *Young. See id.* The specific comment in which Vasquez takes issue with is the State's insistence that it is to "see that justice is done." We do not find this comment to be improper, especially in light of article 2.01 of the code of criminal procedure. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005). Section 2.01 of the code of criminal procedure provides the following with respect to the duties of district attorneys: "[i]t shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but *to see that justice is done*." *Id.* (emphasis added). The State's comments during opening statement merely tracks the statutory language addressing the duties of district attorneys. As such, the State's comments were not improper and certainly do not justify "the most serious action of ending the trial." *See Young*, 137 S.W.3d at 69-70.

---

[7] The record indicates that Vasquez's trial counsel abandoned her objection when she failed to secure a ruling on the objection from the trial court and when she immediately requested a mistrial, which was subsequently denied.

Furthermore, at trial, Vasquez made an argument suggesting that the State mentioned that since its attorneys must take an oath of office, then their actions must be "right and just." However, this contention is unfounded because in reviewing the record, we are unable to find any reference by the State pertaining to an oath of office. In any event, we note that at no point did Vasquez's trial counsel seek an instruction to disregard. If the comments were, in fact, deemed to be improper, an instruction to disregard would have been sufficient to remedy any harm. Therefore, based on the foregoing, we conclude that the State's comment was not improper and, accordingly, we overrule Vasquez's fifth issue on appeal.

## VI. CONCLUSION

Having overruled all of Vasquez's issues on appeal, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX.R.APP.P. 47.2(b)
Memorandum Opinion delivered and
filed this the 1st day of May, 2008.