The STATE of Texas,

v.

**John Allen MAYS, Appellee.**

No. 0367–97.

Court of Criminal Appeals of Texas,
En Banc.

April 15, 1998.

---

John C. Augustine, Austin, for appellant.

John S. Klassen, Dist. Atty. Pro Tem, Austin, Matthew Paul, State's Atty., Austin, for State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court in which MEYERS, MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

Appellee, John Allen Mays, was charged by indictment with the offense of barratry. Prior to trial, he filed a motion to quash the indictment, claiming it failed to allege the offense charged with sufficient specificity. The trial court agreed and quashed the indictment. On a State's appeal, the Court of Appeals affirmed the trial court's action. We granted the State's petition for discretionary review to determine whether an indictment alleging barratry by soliciting employment is sufficient when it tracks the statutory definition of "solicit employment" laid out in the barratry statute. We will reverse.

### I.

A Victoria County grand jury returned a two-count indictment against appellee, charging him with barratry. *See* TEX. PENAL CODE ANN. § 38.12 (Vernon 1994). The first count of the indictment charged that Mays

> did then and there, with intent to obtain an economic benefit, knowingly, in person and by telephone, solicit employment for Bernard Klimist and himself by communicating, for the purpose of providing legal representation, with Lupe Ordonez, a prospective client, concerning legal representation arising out of an accident at a Maverick Mart involving Blanche Esparza, when neither Lupe Ordoneznor anyone acting on behalf of Lupe Ordonez had requested the communication; and the conduct of John Allen Mays was not authorized by the Texas Disciplinary Rules of Professional Conduct or any rule of court.

The second count similarly charged that Mays

> did then and there, with intent to obtain an economic benefit, knowingly, in person and by telephone, solicit employment for Bernard Klimist, Norman Jones, Knute Dietze

and himself by communicating, for the purpose of providing legal representation, with Gloria Wearden and Marian Rosse, family members of prospective client Robert Wearden, concerning legal representation arising out of an an [sic] car accident involving Robert Wearden that happened on or about July 3, 1994, when neither Gloria Wearden nor Marian Rosse nor anyone acting on behalf of either of them had requested the communication; and the conduct of John Allen Mays was not authorized by the Texas Disciplinary Rules of Professional Conduct or any rule of court.

Appellee moved the court to set aside the indictment on the grounds that it "fail[ed] to allege in specifically [sic] terms the manner and means the Defendant allegedly solicited employment of the alleged prospective clients." The trial court granted appellee's motion, concluding that "the indictment herein, which tracts [sic] the language and terms of the statute is insufficient because the statutory language is not completely descriptive," and because the indictment "fail[ed] to give adequate notice of the matter [sic] and means that Defendant acted in violation of the statute."

## II.

◼ Our constitution guarantees an accused the right to demand the nature and cause of the action against him, and to have a copy thereof. Tex. Const. art. I, § 10. The charging instrument must convey sufficient notice to allow the accused to prepare his defense. *Adams v. State*, 707 S.W.2d 900, 901 (Tex.Crim.App.1986) (citing *Voelkel v. State*, 501 S.W.2d 313 (Tex.Crim.App.1973)). The legislature has also provided some guidance for the requisite specificity of indictments. Article 21.02(7) of the Texas Code of Criminal Procedure requires that "[t]he offense ... be set forth in plain and intelligible words." Tex.Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989). Article 21.03, provides that "[e]verything should be stated in an indictment which is necessary to be proved." *Id.* art. 21.03. Finally, article 21.04 provides that "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be

given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04.

◼ Subject to rare exceptions, an indictment tracking the language of the statute will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature. *Moreno v. State*, 721 S.W.2d 295 (Tex.Crim.App. 1986); *Beck v. State*, 682 S.W.2d 550 (Tex. Crim.App.1985). We have previously outlined the limitations of this general principle:

[T]his rule applies only where the information is framed under a statute which defines the act constituting the offense in a manner that will inform the accused of the nature of the charge. In other words, if the language of the statute is itself completely descriptive of the offense, an information is sufficient if it follows the statutory language.

*Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim.App.1978) (citing *Lopez v. State*, 494 S.W.2d 560 (Tex.Crim.App.1973)).

Texas Penal Code section 38.12, Barratry, provides, in relevant part, that

(a) A person commits an offense if, with intent to obtain an economic benefit the person:

. . .

(2) solicits employment, either in person or by telephone, for himself or for another . . .

Tex. Penal Code Ann. § 38.12(a) (Vernon 1994). The code contains elsewhere a definition of the term "solicit employment," which provides:

"Solicit employment" means to communicate in person or by telephone or written communication with a prospective client or a member of the prospective client's family concerning legal representation arising out of a particular occurrence or event, or series of occurrences or events, or concerning an existing legal problem of the prospective client, for the purpose of providing legal representation to the prospective client, when neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication.

*Id.* § 38.01(11). It is apparent that the indictment in this case carefully tracked the language of the statutory definition. Furthermore, it provided appellant additional information about the alleged offense, including on whose behalf he was charged with acting, the prospective clients with whom he was charged with contacting, and the specifics of the occurrences or events out of which the prospective clients' legal problems arose. The question before us, then, is whether such an indictment provides sufficient notice to a defendant.

### III.

 The Court of Appeals in this case held that this indictment failed to sufficiently define the expression "solicit employment." The court relied upon many cases which acknowledged that merely quoting statutory language may not adequately notify a defendant of the charges raised against him. All of these cases found indictments insufficient on the sound legal principle that

> [a]lthough an indictment which tracks the language and terms of the statute is ordinarily sufficient, if the statutory language is not completely descriptive, so that particularity is required to afford the defendant notice as required, merely tracking the language of the statute may be insufficient.

*Daniels v. State,* 754 S.W.2d 214, 218 (Tex. Crim.App.1988). However, none of these cases involved an indictment which tracked a definition provided in a statute. *See, e.g., Castillo v. State,* 689 S.W.2d 443, 449 (Tex. Crim.App.1984) ("the term 'start a fire' as used in the second count of the indictment is not statutorily defined"); *State v. Sandoval,* 842 S.W.2d 782, 791 (Tex.App.—Corpus Christi 1992, pet. ref'd) ("procure" not defined in former barratry statute). A statute which uses an undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the defendant of the nature of the charges against him. Likewise, when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses. *State v. Edmond,* 933 S.W.2d 120, 128 (Tex.Crim.App.

1996)("where a criminal statute possesses statutorily-defined, alternative methods of committing an offense, then upon timely request, a defendant is entitled to an allegation of which statutory method the State intends to prove"); *e.g., Olurebi v. State,* 870 S.W.2d 58, 62 (Tex.Crim.App.1994) (since credit card may be "fictitious" in two ways, indictment must notify defendant which way is charged). We face neither of these problems here. The portion of the barratry statute in question contains only one manner or means of commission, and the statute defines that manner or means.

 In *Edmond,* we addressed the issue of whether following a statute's definition of the manner or means of offense will sufficiently notify a defendant of the charges against him. *See Edmond,* generally. There, the court of appeals found an official oppression indictment insufficient for lack of specificity. That indictment alleged Edmond committed official oppression by sexually harassing his victim, and defined "sexual harassment" as "unwelcome sexual advances" or "request for sexual favors." We reversed the judgment of the court of appeals, noting that the language of the indictment tracked exactly the language of the statutory definition of "sexual harassment," and concluded that "when a statute defines the manner or means of committing an offense, an indictment based upon that statute need not allege anything beyond that definition." *Edmond,* 933 S.W.2d at 129. The *Edmond* rule applies directly to the facts of this case. The manner or means of commission in this case was soliciting employment, and the statute provided a lengthy definition of that manner or means. Therefore, the indictment in this case, tracking that statutory definition, sufficiently alleged the offense of barratry.

The court of appeals in this case refused to apply *Edmond,* however, distinguishing it on two grounds: (1) *Edmond* did not establish a "bright-line rule," because some statutory definitions would not adequately inform the defendant of the charges against him; and (2) the definition provided in this statute "is hardly a definition; it is more like a characterization or generalization." *Mays,* 942 S.W.2d at 88. We disagree. We established

a rule for the sufficiency of an indictment in *Edmond*, and that rule applies to the instant case.

■ Neither do we agree with the contention that the statutory definition of "solicit employment" merely generalizes about the manner or means of barratry's commission. We first note that § 38.01 is labeled "Definitions." The legislature clearly intended § 38.01(11) to "define" the term "solicit employment." Furthermore, the statute provides a detailed definition, which leaves little doubt as to the activity criminalized. A person "solicits employment" when he:

(1) communicates in person or by telephone or written communication;

(2) with a prospective client or a member of the prospective client's family;

(3) concerning legal representation;

(4) arising out of a particular occurrence or event, or series of occurrences or events, or concerning an existing legal problem of the prospective client;

(5) for the purpose of providing legal representation to the prospective client;

(6) when neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication.

TEX. PENAL CODE ANN. § 38.01(11) (Vernon 1994). And if the person does so with the specific intent to obtain an economic benefit, he commits the offense of barratry. *Id.* § 38.12(a)(2).

Clearly troubled as to the scope of the barratry statute's prohibitions, the court of appeals concluded that "the legislature could not have intended to construct a statute that was so broad in its prohibitions." However, we need look no further than the plain language of this statute to ascertain the breadth of its prohibitions. *See Hines v. State*, 906 S.W.2d 518, 519 (Tex.Crim.App.1995) ("When interpreting criminal statutes, courts focus on the plain language of the text, for that is the foremost indication of legislative intent"). The plain language of this statute demonstrates that the legislature intended to criminalize various forms of solicitation of prospective legal clients by attorneys or their representatives. The Court of Appeals suggested "the legislature most likely anticipated the situation where an attorney appears at the scene of an accident, hospital, or funeral home to sign up a client"; however, the plain language of the statute does not suggest such a narrow prohibition.

The court of appeals also expressed concern that the barratry statute criminalizes "otherwise innocent" activities, and unduly jeopardizes the livelihood of attorneys.[1] We find that concern to be unwarranted. While the solicitation of employment may take on many innocent forms, when it takes place under the terms of sections 38.12 and 38.01, it constitutes the criminal offense of barratry. Nor should appellee or the courts below be surprised by the legislature's sweeping prohibition against many types of solicitation for legal services. Barratry by solicitation has been criminalized in the State of Texas since 1901, when the penal code was amended to outlaw "the fomenting of litigation by

---

1. In voicing its concern that this statute places legal professionals in danger of prosecution for otherwise innocent activities, the Court of Appeals proffered two examples:

a. Attorney's next-door neighbor tells attorney that his child had a hot bowl of soup poured in his lap at a restaurant and is now in the hospital having skin grafts on the burned skin. Attorney says, "Neighbor, you should take legal action. If you need help let me know or I can refer you to someone who specializes in that type of law."

b. Appellate attorney tells friend who is a trial attorney, "I understand that your firm had been taking a lot of cases to trial. As a matter of fact, I saw that you won that big toxic spill case. I have just devoted my entire practice to handling civil appeals. Why don't you hire me to do some of your appellate work. I'd sure like to work on that spill case."

In the first example, if the attorney communicated an offer of legal representation without the neighbor's request and with the intent to gain an economic benefit, she *has* illegally solicited employment under our laws. The second example does not constitute barratry, as the attorney communicated with another attorney for employment, and not with a "prospective client." Such communication does not implicate the historical concerns that this type of barratry addresses, specifically "the likelihood of overreaching and the exertion of undue influence on laypersons." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 461, 98 S.Ct. 1912, 1921, 56 L.Ed.2d 444 (1978).

attorneys at law by soliciting employment." *McCloskey v. San Antonio Traction Co.*, 192 S.W. 1116, 1119 (Tex.Civ.App.—San Antonio 1917, writ ref'd); *see, e.g., Turcotte v. Trevino*, 544 S.W.2d 463, 474 (Tex.Civ.App.—Corpus Christi 1976) (Article 430 of former penal code "made it illegal for a person to seek through solicitation employment to prosecute, defend or collect any claim, or to procure another to solicit for him employment in such claim"), *reversed on other grounds*, 564 S.W.2d 682 (Tex.1978). Furthermore, the Texas Disciplinary Rules of Professional Conduct also forbid the solicitation of employment by lawyers—in language strikingly similar to that of the penal code:

> A lawyer shall not by in-person or telephone contact seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain.

SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 7.03(a)(1998) (located in the supplementary pamphlet for Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code).

■ Contrary to the conclusion of the Court of Appeals, we did intend to create a bright-line rule in *Edmond*. We reiterate that rule here: "when a statute defines the manner or means of committing an offense, an indictment based upon that statute need not allege anything beyond that definition." *Edmond*, 933 S.W.2d at 129. Nor does the statute in this case define "solicit employment" in such a way as to implicate "inherently innocent" activities. The statute clearly outlines the activities which constitute barratry, and its parameters fall within historical bounds of barratry by solicitation. The indictment in this case, by carefully tracking the statutory definition of a manner or means of commission of barratry, provided ample notice to appellee and met constitutional and statutory requirements.

We reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

McCORMICK, P.J., not participating.

OVERSTREET, J., concurs in the result.

BAIRD, Judge, concurring.

As a general rule, an indictment which tracks the statutory language provides sufficient notice. *Daniels v. State*, 754 S.W.2d 214, 218 (Tex.Cr.App.1988). However, there are two exceptions to this general rule. First, where an indictment contains a necessary allegation of an act by the defendant which comprises more than one statutorily defined means of its performance, but the indictment fails to specify which of the statutory definitions of the act is relied upon, the indictment fails to provide the constitutionally required notice. *Gibbons v. State*, 652 S.W.2d 413 (Tex.Cr.App.1983). This exception is not at issue in the present case, because the statute in question contains only one manners or means of commission.

The second exception is if the statutory language is not completely descriptive, merely tracking the language of the statute is insufficient to provide the constitutionally required notice to the defendant. *Haecker v. State*, 571 S.W.2d 920, 921–22 (Tex.Cr.App. 1978); *and, Conklin v. State*, 144 Tex.Crim. 343, 162 S.W.2d 973 (1942). But in the instant case the statutorily language is sufficiently descriptive to provide the requisite notice.

However, I cannot join the majority opinion because I do not believe the conversation described in footnote 1 a., ante at 408, is an illegal solicitation sufficient to constitute the offense of barratry.

Therefore, I join only the judgment of the Court.