**The STATE of Texas, Appellant,**

v.

**William Paul SHUCK, Appellee.**

**No. 14–06–00007–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 27, 2006.

maintain our conclusion that excluding Dr. Lambert's testimony was harmful.

Tuck McLain, for appellant.

John S. Cossum, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

The State indicted appellee William Paul Shuck for indecency with a child by sexual contact. Appellee filed a motion to dismiss the indictment alleging, in part, that it insufficiently stated the manner or means by which he touched the victim. The trial court granted appellee's motion to dismiss on this ground, and the State appeals.

■ A defendant's rights to notice of accusations against him are set out in both the U.S. and Texas constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The indictment must be specific enough to inform the defendant of the nature of the accusation against him so that he can prepare a defense. *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App. 1998). The Texas Legislature has provided guidance for an indictment's requisite specificity. *Id.* Article 21.11 of the Code of Criminal Procedure requires an indictment to charge the offense "in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." TEX.CODE CRIM. PROC. ANN. art. 21.11 (Vernon 1989). The Code further provides that "[e]verything should be stated in an indictment which is necessary to be proved" and the offense should be stated in "plain and intelligible words." *Id.* arts. 21.03 & 21.02(7) (Vernon 1989).

■ Ordinarily, an indictment is legally sufficient if it tracks the penal statute in question. *State v. Moff*, 154 S.W.3d 599, 602 (Tex.Crim.App.2004). However, in some cases, the State must further specify the acts it is prosecuting so the defendant can adequately investigate the allegations against him and prepare a defense. *Id.* A

statute that uses a term with an undefined term or variable meaning requires more specific pleading to notify the defendant of the nature of the charges against him. *Mays,* 967 S.W.2d at 407. Also, when a statute defines the manner or means of commission in several alternate ways, the indictment must specify which of the statutory means it addresses. *Id.* We review de novo the trial court's ruling on a motion to dismiss an indictment. *Moff,* 154 S.W.3d at 601.

A person commits indecency with a child by contact if he "engages in sexual contact with [a] child" who is "younger than 17 years and not the person's spouse." Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003). The statute defines "sexual contact" as "any touching by a person, including touching through clothing, of . . . any part of the genitals of a child" if "committed with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1).

> The State charged appellee as follows:
> [Appellee], on or about the 5th day of January, A.D.2004 and before the presentment of this indictment, in said County and State did then and there, with the intent to arouse and gratify the sexual desire of [appellee], intentionally and knowingly engage in sexual contact by touching the vagina, of [the victim], a child younger than 17 years of age and not the spouse of [appellee].

Thus, the indictment tracked the statutory definition of "sexual contact" by following the language of section 21.11(c)(1). However, in his motion to dismiss, appellee claimed the indictment was defective for "failing to appropriately allege the manner and means by which [he] . . . touched the vagina of the [victim] (whether by hand or otherwise)."

■ The Court of Criminal Appeals has previously addressed the question of whether following a statute's definition of the manner or means of committing an offense sufficiently notifies a defendant of the charges against him. In *State v. Edmond,* the State appealed the trial court's dismissal of its indictment of the appellee for official oppression by sexual harassment. 933 S.W.2d 120, 121–22 (Tex.Crim. App.1996). The term "sexual harassment" was defined in the statute as "unwelcome sexual advances" or a "request for sexual favors." *Id.* at 122, 127; *see also* Tex. Penal Code Ann. § 39.03(c) (Vernon 2003). The Court of Criminal Appeals reversed the intermediate appellate court's decision affirming the trial court's order. *Edmond,* 933 S.W.2d at 122. In doing so, the court created a bright-line rule that "when a statute defines the manner or means of committing an offense, an indictment based upon that statute need not allege anything beyond that definition." *Id.* at 130. Subsequently, the court reiterated its *Edmond* rule in *State v. Mays. See* 967 S.W.2d at 406–08 (finding barratry indictment sufficient when indictment tracked definition of "solicit employment" provided by statute). Here, the indictment tracked the statutory language defining "sexual contact," alleging appellant "engage[d] in sexual contact by touching the [victim's] vagina" with intent to arouse and gratify himself sexually. Thus, by tracking the statutory definition of sexual contact, it sufficiently alleged the manner or means by which appellee committed indecency with a child by contact. *See Edmond,* 933 S.W.2d at 129; *see also Larson v. State,* 759 S.W.2d 457, 462 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd) (validating indictment for indecency with a child that charged defendant with " 'touching the genitals of [the complainant],' " finding this language was "simply an incorporation of the definition of 'sexual contact' ").

Additionally, the Austin Court of Appeals considered and rejected appellee's same argument in a case involving indecency with a child, finding "[t]he method by which [the] appellant 'touched' the complainant, is essentially evidentiary." *Hilliard v. State*, 652 S.W.2d 602, 605 (Tex. App.-Austin 1983, pet. ref'd, untimely filed). We agree with the Austin Court of Appeals that the method of touching is an evidentiary matter. *See id.* (noting that, in order to commit the offense, " 'the defendant must use his body directly or indirectly' ") (quoting *Marrs v. State*, 647 S.W.2d 286, 290 (Tex.Crim.App.1983))). Thus, the State did not need to further allege this evidence in the indictment. *See Mays*, 967 S.W.2d at 406 ("[T]he State need not allege facts that are merely evidentiary in nature."). Accordingly, we sustain the State's sole issue.

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.