Reversed and Remanded and Opinion filed July 27, 2006








Reversed and
Remanded and Opinion filed
July 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00007-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

WILLIAM PAUL SHUCK, Appellee

 



 

On Appeal from the 278th
District Court

Grimes County, Texas

Trial Court Cause No. 15,419

 



 

O P I N I O N

The State indicted appellee William Paul Shuck for
indecency with a child by sexual contact.  Appellee filed a motion to dismiss
the indictment alleging, in part, that it insufficiently stated the manner or
means by which he touched the victim.  The trial court granted appellee=s motion to
dismiss on this ground, and the State appeals.








A defendant=s rights to notice of accusations against
him are set out in both the U.S. and Texas constitutions.  See U.S. Const. amend. VI; Tex. Const. art. I, _ 10.  The
indictment must be specific enough to inform the defendant of the nature of the
accusation against him so that he can prepare a defense.  State v. Mays,
967 S.W.2d 404, 406 (Tex. Crim. App. 1998).  The Texas Legislature has provided
guidance for an indictment=s requisite specificity.  Id.  Article
21.11 of the Code of Criminal Procedure requires an indictment to charge the
offense Ain ordinary and
concise language in such a manner as to enable a person of common understanding
to know what is meant, and with that degree of certainty that will give the
defendant notice of the particular offense with which he is charged.@  Tex. Code Crim. Proc. Ann. art. 21.11
(Vernon 1989).  The Code further provides that A[e]verything
should be stated in an indictment which is necessary to be proved@ and the offense
should be stated in Aplain and intelligible words.@  Id. arts.
21.03 & 21.02(7) (Vernon 1989).  

Ordinarily, an indictment is legally sufficient if it
tracks the penal statute in question.  State v. Moff, 154 S.W.3d 599,
602 (Tex. Crim. App. 2004).  However, in some cases, the State must further
specify the acts it is prosecuting so the defendant can adequately investigate
the allegations against him and prepare a defense.  Id.  A statute that
uses a term with an undefined term or variable meaning requires more specific
pleading to notify the defendant of the nature of the charges against him.  Mays,
967 S.W.2d at 407.  Also, when a statute defines the manner or means of
commission in several alternate ways, the indictment must specify which of the
statutory means it addresses.  Id.  We review de novo the trial court=s ruling on a
motion to dismiss an indictment.  Moff, 154 S.W.3d at 601. 

A person commits indecency with a child by contact if he Aengages in sexual
contact with [a] child@ who is Ayounger than 17
years and not the person=s spouse.@  Tex. Penal Code Ann. _ 21.11(a)(1)
(Vernon 2003).  The statute defines Asexual contact@ as Aany touching by a
person, including touching through clothing, of . . . any part of the genitals
of a child@ if Acommitted with the intent to arouse or
gratify the sexual desire of any person.@ Id. _ 21.11(c)(1). 








The State charged appellee as follows:

[Appellee], on or about the 5th day
of January, A.D. 2004 and before the presentment of this indictment, in said
County and State did then and there, with the intent to arouse and gratify the
sexual desire of [appellee], intentionally and knowingly engage in sexual
contact by touching the vagina, of [the victim], a child younger than 17 years
of age and not the spouse of [appellee]. 

Thus,
the indictment tracked the statutory definition of Asexual contact@ by following the
language of section 21.11(c)(1).  However, in his motion to dismiss, appellee
claimed the indictment was defective for Afailing to
appropriately allege the manner and means by which [he] . . . touched the vagina
of the [victim] (whether by hand or otherwise).@








The Court of Criminal Appeals has previously addressed the
question of whether following a statute=s definition of
the manner or means of committing an offense sufficiently notifies a defendant
of the charges against him.  In State v. Edmond, the State appealed the
trial court=s dismissal of its indictment of the appellee for
official oppression by sexual harassment.  933 S.W.2d 120, 121B22 (Tex. Crim.
App. 1996).  The term Asexual harassment@ was defined in
the statute as Aunwelcome sexual advances@ or a Arequest for sexual
favors.@  Id. at
122,127; see also Tex. Penal Code
Ann. ' 39.03(c) (Vernon 2003).  The Court of Criminal
Appeals reversed the intermediate appellate court=s decision
affirming the trial court=s order.  Edmond, 933 S.W.2d at
122.  In doing so, the Court created a bright-line rule that Awhen a statute
defines the manner or means of committing an offense, an indictment based upon
that statute need not allege anything beyond that definition.@  Id. at
130.  Subsequently, the Court reiterated its Edmond rule in State v.
Mays.  See 967 S.W.2d at 406B08 (finding
barratry indictment sufficient when indictment tracked definition of Asolicit employment@ provided by
statute).  Here, the indictment tracked the statutory language defining Asexual contact,@ alleging
appellant Aengage[d] in sexual contact by touching the [victim=s] vagina@ with intent to
arouse and gratify himself sexually.  Thus, by tracking the statutory
definition of sexual contact, it sufficiently alleged the manner or means by
which appellee committed indecency with a child by contact.  See Edmond,
933 S.W.2d at 129; see also Larson v. State, 759 S.W.2d 457, 462 (Tex.
App.CHouston [14th
Dist.] 1988, pet. ref=d) (validating indictment for indecency
with a child that charged defendant with A>touching the
genitals of [the complainant],=@ finding this
language was Asimply an incorporation of the definition of >sexual contact=@).

Additionally, the Austin Court of Appeals considered and
rejected appellant=s same argument in a case involving
indecency with a child, finding A[t]he method by
which [the] appellant >touched= the complainant,
is essentially evidentiary.@  Hilliard v. State, 652 S.W.2d 602, 605 (Tex. App.CAustin 1983, pet. ref=d, untimely
filed).  We agree with the Austin Court of Appeals that the method of touching
is an evidentiary matter.  See id. (noting that, in order to commit the
offense, A>the defendant must use his body
directly or indirectly=@ (quoting Marrs
v. State, 647 S.W.2d 286, 290 (Tex. Crim. App. 1983)).  Thus,
the State did not need to further allege this evidence in the indictment.  See
Mays, 967 S.W.2d at 406 (A[T]he State need not allege facts that are
merely evidentiary in nature.@).  Accordingly, we sustain the State=s sole issue.

We reverse the trial court=s judgment and remand for
proceedings consistent with this opinion.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed July 27, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Publish C Tex. R. App. P. 47.2(b).