# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00063-CR

**Mark Alexander Butcher, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 07-1132-K77, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Mark Alexander Butcher of the offense of arson. *See* Tex. Penal Code Ann. § 28.02(a) (West Supp. 2008). He was sentenced to sixty years in prison. Butcher contends that the district court erred in refusing to consider the merits of his timely filed motion to quash and in overruling his objections to the prosecutor's use of certain exhibits in the punishment phase of the trial. We affirm the district court's judgment.

Butcher had been in a dating relationship with the complainant for about six months and often stayed overnight at the complainant's apartment. On July 27, 2007, after the complainant called from work to end her relationship with Butcher, Butcher started a fire in the complainant's apartment with a starter log doused in lighter fluid. He placed the burning log on the couch, pushed the couch in front of the door to prevent police from entering the apartment, and attempted to escape by jumping from the apartment balcony. After a short chase, he was apprehended and arrested.

On August 22, 2007, Butcher was indicted for arson. On October 25, 2007, Butcher was notified that trial had been set to begin on January 14, 2008, and that pretrial motions would be heard on December 5, 2007. At the December 5 pretrial hearing, Butcher presented a motion in limine, a motion for discovery of state witnesses, an election for jury punishment, and a request for court reporter. Defense counsel indicated that he had no other pretrial motions. On January 10, 2008, Butcher filed a motion to quash the indictment. The district court addressed the motion on the day trial commenced, January 14, 2008, but declined to address the merits. The district court ruled that the motion was untimely and explained that local practice required "motions to quash . . . to be filed prior to the pretrial hearing and . . . to be heard at the pretrial hearing."

In his first point of error, Butcher argues that the district court erred in refusing to consider the merits of his motion to quash the indictment. According to Butcher, a trial court cannot shorten the statutorily prescribed time frame except by written order. The State disputes Butcher's contention as to timeliness and further argues that, in any case, Butcher was not harmed by any alleged defect in the indictment.

We conduct a de novo review of the trial court's decision to overrule Butcher's motion to quash. *See Moff v. State*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (de novo review appropriate where trial court's decision was based only on indictment, motion to quash, and argument of counsel); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (de novo review may be appropriate where "resolution do[es] not turn on an evaluation of credibility and demeanor"). A motion to quash objections to a defect in an indictment is timely filed if it is filed "before the date on which the trial on the merits commences." Tex. Code Crim. Proc. Ann.

2

art. 1.14(b) (West 2005). The mere filing of a motion to quash is insufficient to bring it to the trial court's attention. *Holden v. State*, No. 02-03-00454-CR, 2004 Tex. App. LEXIS 9875, at *2 (Tex. App.—Fort Worth Nov. 4, 2004, pet. ref'd) (mem. op., not designated for publication) (citing *Mills v. State*, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref'd), and *Chunn v. State*, 821 S.W.2d 718, 720 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd), *cert. denied*, 506 U.S. 870 (1992)); *see Guevara v. State*, 985 S.W.2d 590, 592 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ("[P]resentment means more than mere filing. The movant must make the trial judge aware of the motion by calling the judge's attention to it in open court and requesting a ruling thereon." (Citation omitted.)). Here, Butcher's motion to quash was presented to the trial court on the day trial on the merits began, not "before the date on which trial on the merits commence[d]," as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b).

In support of his position, Butcher relies on *Saatoff v. State*, 908 S.W.2d 523 (Tex. App.—San Antonio 1995, no pet.). According to Butcher, as in *Saatoff*, here "[t]here is no order in this case, either in writing or stated orally, which instructed or ordered defense counsel to file[] all motions prior to a specific date." *Saatoff* offers little support for Butcher's position. In *Saatoff*, the court of appeals addressed the issue of timeliness only in response to the State's contention that error had not been preserved for appellate review. 908 S.W.2d at 525. The trial court had apparently overruled Saatoff's motion to quash on grounds of sufficiency, not timeliness. Moreover, to the extent that *Saatoff* offers some guidance for determining when a motion to quash is timely filed, it is distinguishable. In *Saatoff*, the motion to quash was both filed and presented to the court at hearing the day before the trial on the merits began. *Id.* Here, Butcher did

3

not present his motion to quash to the court until the day trial began. By failing to file his motion to quash objecting to the indictment before trial on the merits began, Butcher failed to meet the statutory deadline. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b).

Even if Butcher had timely filed his motion to quash, the indictment was sufficient. An indictment is generally sufficient to satisfy constitutional notice requirements if it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). Here, the indictment alleged the following:

> [O]n or about the 27th day of July, 2007, in Williamson County, Texas, Mark Alexander Butcher, hereinafter "defendant," started a fire by igniting a flammable substance, regardless of whether the fire continues after ignition, with intent to destroy or damage a habitation, knowing it was within the limits of an incorporated city or town, or knowing it was located on property belonging to another, or knowing that it has located within it property belonging to another, or was reckless about whether the burning would endanger the life of some individual or the safety of the property of another.

The elements set out in the indictment track those set out in section 28.02(a) of the penal code:

> A person commits an offense if the person starts a fire, regardless of whether the fire continues after ignition, or causes an explosion with intent to destroy or damage:
>
> (1)  any vegetation, fence, or structure on open-space land; or
>
> (2)  any building, habitation, or vehicle:
>
> > (A)  knowing that it is within the limits of an incorporated city or town;
> >
> > (B)  knowing that it is insured against damage or destruction;
> >
> > (C)  knowing that it is subject to a mortgage or other security interest;
> >
> > (D)  knowing that it is located on property belonging to another;

4

(E)   knowing that it has located within it property belonging to another; or

(F)   when the person is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another.

Tex. Penal Code Ann. § 28.02(a). The indictment includes each element of arson as set out in section 28.02(a). *See id.* Butcher identifies no element of arson that was omitted from the indictment, and we find none. *See Mays*, 967 S.W.2d at 406. Rather, Butcher argues that the indictment is insufficient because it fails to identify the type of habitation, the name of the city or town, the address of the habitation, the owner of the habitation, whose life was endangered, and whose property was endangered. Texas law, however, imposes no requirement that an indictment include the specific information requested. *See id.* All that is required is that the language of indictment track the language of the statute. *Id.* Here, it did. We, therefore, overrule Butcher's first point of error.

In his second point of error, Butcher argues that the trial court erred when it overruled his objections to the prosecutor's use of certain exhibits in the punishment phase of the trial. According to Butcher, the prosecutor's presentation of two exhibits amounted to testimony and was, therefore, improper.

The manner and means of the presentation of documentary evidence, after admission, is left to the sound discretion of the trial court. *Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex. Crim. App. 1994). We review the trial court's decision to allow the presentation for abuse of discretion. *Id.*

5

Butcher complains of the prosecutor's presentation of two exhibits during the punishment phase of trial: Exhibit 53, a penitentiary packet, and Exhibit 56, a judgment. Both were admitted through the testimony of Kerie Cress, a crime scene investigator for the Round Rock Police Department, who testified that the fingerprints on the documents matched the fingerprints she took from Butcher in court.

Once admitted into evidence, counsel or a witness is permitted to read the document aloud to the jury. *Id.*

> Common practice in state and federal courts appear[s] to be that when a document is admitted into evidence, counsel or a witness can read the document aloud to the jury. The rules of evidence and authors of treatises presume this to be the case. This logically follows from the procedure of a case. Exhibits are marked, identified, and authenticated. The jury, hearing constant references to the document, endures the legal procedure so that they may assimilate the evidence. Upon admission by the trial court, the jury is permitted to access the evidence in some manner. Access to the evidence at the time of its admission permits the parties to build their cases during trial.

*Id.* at 837-38. Counsel is permitted "endless variations on methods of presentation," and "in the presentation of this evidence to the jury, counsel or a witness may use extra verbiage to ease the transition of the recitation of a document to verbal communication." *Id.* at 838, n.9. Counsel oversteps his role as prosecutor and assumes the role of witness only where he "transform[s] the statements from a recitation of the admitted document to argument." *See id.* n.10. Thus, to determine whether the district court abused its discretion in allowing the prosecutor's presentation of documentary evidence, we review the record to determine whether the State presented information beyond that which was actually in the documents.

6

The specific statement to which defense counsel objected was the prosecutor's statement that "[t]hese two documents, 53 and 56, are what are called . . ." Defense counsel objected, arguing that "[h]e's testifying."[1] The district court overruled the objection, stating that it would allow the prosecutor to present the document to the jury "any way he sees fit, including the way he's doing it." After the objection had been overruled, the prosecutor continued:

> These are what are called pen packets. On State's Exhibit No. 53, the front of the pen packet contains an affidavit from the prison agency verifying that it is a true and accurate copy of the documents that are from prison. The second page contains a booking photograph of the defendant who matches this pen packet and goes with the judgments that are contained within it. The third page shows the initial judgment for which he was imprisoned in this particular case. The top of it contains the cause number, which reads 8035, the defendant's name, Mark Alexander Butcher, and the court, which was in Jones County, Texas. In addition, it will tell you the judge, the prosecutor, the attorney for the defendant.

Although the prosecutor referred to Exhibit 53 as a "pen packet," he did not explain what a pen packet is. He merely pointed out the contents of the documents contained in the packet. Rather than reading the documents in their entirety, the prosecutor noted the items on the documents that would be relevant to determining punishment. Nothing in the prosecutor's statement, however, conveys information beyond that actually included in the document.

---

[1] Although defense counsel only made this single objection at trial, on appeal Butcher reproduces seven pages of argument about which he complains. The State argues that Butcher failed to preserve argument for appellate review by failing to make timely, specific objections stating the particular legal grounds and the ruling sought from the trial court. *See* Tex. R. App. P. 33.1(a). Because defense counsel objected to only one statement in particular, we address only that statement specifically. Without deciding the issue of waiver, we note that our analysis applies to the entirety of the prosecutor's argument set out by Butcher in his brief.

The district court acted within its discretion in permitting the prosecutor to read portions of the documents to the jury. *See id.* at 838. Accordingly, we overrule Butcher's second point of error.

Butcher's points of error are overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: April 14, 2009

Do Not Publish