Opinion issued February 28, 2013.



In The

# Court of Appeals

For The

# First District of Texas

_____

NOS. 01-12-00177-CR
01-12-00178-CR
01-12-00179-CR

_____

**IVAN ADOLPHO MORENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Case Nos. 1745364, 1790438, & 1790439**

---

**O P I N I O N**

The state tried Ivan Moreno for burglary of three motor vehicles, one belonging to Mary Cash and the other two belonging to Carole Nicholson.[1] The jury found Moreno guilty of all three offenses and assessed a sentence of 365 days' imprisonment and a $2,000 fine for each. In a single issue, Moreno contends that two of the convictions violate the Double Jeopardy Clause, because they punish him twice for commission of the same offense. We affirm.

## Background

About 4:00 one morning in March 2011, Kathleen McMorris awoke to check on her son, who was sick. While she was tending to him, Mrs. McMorris noticed a flickering light through the bedroom window's closed blinds. The window was on the side of the house, which was about ten feet from the driveway of their neighbors, Jim and Mary Cash. It provided a clear view of the driveway, where the Cashes had parked their two vehicles, a small SUV and a gray Dodge Ram pickup truck.

---

[1] The appeals arising out of the convictions for the burglaries of Nicholson's vehicles are Nos. 01-12-00178 and 01-12-00179 (trial court case numbers 1790438 and 1790439, respectively). Moreno does not raise any issue on appeal complaining of his conviction for burglarizing Cash's truck (Appeal No. 01-12-00177-CR). In his prayer for relief, however, he asks that the trial court's judgments be "reverse[d] and the cause be remanded to the trial court with instructions that the informations be dismissed." Because Moreno fails to identify any issue requiring reversal of his conviction for that offense, we leave the trial court's judgment in Case No. 1745364 undisturbed.

2

The light continued to flicker, which sparked Mrs. McMorris's curiosity. She approached the window and saw that the Cashes's truck's door was ajar and someone was sitting inside. Mrs. McMorris lifted one slat on the blinds to peer through, and she saw a heavy-set, dark-haired man, later identified as Moreno, who appeared to be rifling through the truck's glove compartment.

Nicholson, who lived across the street from the McMorrises, also had two vehicles—a silver Acura MDX and a Volkswagen Jetta wagon—parked in her driveway. Mrs. McMorris observed another person remove various items from the MDX.[2] Alarmed, Mrs. McMorris wakened her husband and told him that she suspected people were breaking into their neighbors' cars. Her husband called 911. A nearby patrol officer responded to the call and headed to the Harris County subdivision. During the few minutes before the police arrived, Mr. McMorris watched as Moreno walked across the street to the MDX, opened the back hatch, and removed property—later identified as Nicholson's son's baseball equipment. Moreno piled it on the lawn by the end of Nicholson's driveway. Moreno returned to the MDX, took out something else, and set it on the lawn with the rest of the property. Moreno then turned from the MDX toward the Jetta.

Mr. McMorris saw the dome light of the Jetta blink, and then observed Moreno moving inside the car. Meanwhile, the police arrived. Mr. McMorris told

---

[2]     That person fled the scene before the police arrived.

an officer that he had seen Moreno in the Jetta. The officer approached the Jetta, found Moreno lying underneath the car, and arrested him.

At about the same time, Cash was awakened by the sound of her dogs' barking. She looked out the window and saw six to ten people, most of whom were police officers. She stayed inside until an officer knocked on her door and asked her to come out. The officer escorted her across the street to the pile of belongings by Nicholson's driveway and asked Cash if any of the items belonged to her. Cash identified a number of tools, including two chain saws, a hand saw, a leaf blower, and a camera. After she had a chance to look inside her truck, Cash also noticed that about five dollars in change was missing from the cab.

Nicholson identified the items removed from the MDX as her son's baseball equipment. An officer also showed Nicholson a tire gauge, which she identified as the one she kept in the Jetta's glove compartment.

A Harris County Assistant District Attorney executed informations charging Moreno with three misdemeanor offenses of burglary of a motor vehicle. One information alleged that Moreno had broken into and entered Cash's vehicle. The other two each alleged that Moreno:

> did then and there unlawfully with the intent to commit theft, break into and enter a vehicle owned by CAROLE NICHOLSON, a person having a greater right to possession of the vehicle than the Defendant and thereafter styled the Complainant, without the effective consent of the Complainant, namely, without consent of any kind.

4

In its closing argument, the State told the jury:

> I want you to find [Moreno] guilty of all three charges: Breaking into Mrs. Cash's truck and taking her tools and her camera, breaking into Ms. Nicholson's Acura and taking her son's baseball equipment, and breaking into Ms. Nicholson's Jetta and taking her tire gauge. All three cases, three guilty verdicts. Please find him guilty.

**Double Jeopardy**

The Double Jeopardy Clause of the United States Constitution prohibits multiple punishments for the same offense. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006); *see* U.S. CONST. amend V. A multiple punishments claim usually arises in one of two contexts: (a) the lesser-included offense context, in which the same criminal act is punished twice as the primary offense and the lesser-included offence; and (b) the two statutes context, in which the defendant is punished under two statutes, but the legislature intended the conduct to be punished only once. *Langs*, 188 .W.3d at 685. This case is slightly different: the charges against Moreno involve one statute, burglary of a motor vehicle, with two identical charging instruments. The question, then, is whether the two indictments alleging that he broke into and entered "a vehicle owned by CAROLE NICHOLSON" permitted multiple punishments for the same offense, in violation of the Double Jeopardy Clause.

Moreno relies on *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932), to argue that the offenses are the same. Given that the indictments are identical and each charges a violation of the same statute, a formulaic application of the *Blockburger* test yields a conclusion that both offenses are the same. *See* 284 U.S. at 304, 52 S. Ct. at 182 (concluding that to determine whether conduct constitutes two offenses or only one, court must inquire whether each offense contains at least one element that other does not). Because the charges against Moreno, however, involve the same statutory provision but different acts, the *Blockburger* test does not end our analysis. *See Ex parte Hawkins*, 6 S.W.3d 554, 555 & n.4 (Tex. Crim. App. 1999) (noting that *Blockburger* test applies only when "'the same act or transaction constitutes a violation of two distinct statutory provisions'" (quoting *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 180)). Instead, we examine whether the two burglary convictions that Moreno challenges are the same unit of prosecution or distinct units of prosecution. *See Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (observing that scope of Double Jeopardy Clause's protection against multiple punishments depends on ascertaining allowable units of prosecution). *Cavazos* directly answers this question for crimes of burglary: "the gravamen of a burglary is the entry without the effective consent of the owner and with the requisite mental state." *Id.* at 337.

6

Applying *Cavazos* to the case at hand, the burglary statute, coupled with the facts, yield no Double Jeopardy violation. The prosecution adduced evidence at trial that Moreno entered, without Nicholson's effective consent, each of her two cars. Each of the Moreno's convictions thus arose out of a distinct, and allowable, unit of prosecution—two different entries of different cars without the consent of the owner. We hold that Moreno's convictions for burglarizing each of Nicholson's two vehicles do not violate his rights under the Double Jeopardy Clause.[3]

---

[3] A more likely potential problem arising from charges like the ones in this case is notice. Generally, "an indictment tracking the language of the statute will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature." *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.09 (West Supp. 2012) ("If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. . . ."). If Moreno had cause to question the identical wording of the indictments, however, the proper vehicle would have been a timely motion to quash the information, not an unpreserved double jeopardy appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (requiring defendant to object to any defect error, or irregularity of form or substance in indictment or information before trial; failure to do so constitutes waiver).

## Conclusion

We hold that the trial court's judgments do not violate Moreno's rights under the Double Jeopardy Clause. We therefore affirm the judgments of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish.  TEX. R. APP. P. 47.2(b).