**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00472-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**MICHAEL BURL MASSINGILL, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-05-05257 CR**

**OPINION**

Following the trial court's decision to quash Michael Burl Massingill's indictment for the offense of online solicitation of a minor, the State appealed. Approximately one week later, the trial court, without conducting a further hearing, signed an order to rescind the order quashing Massingill's indictment, and ordered "the indictment be reinstated as originally filed." In its appeal, the State argues the trial court's order of reinstatement is a nullity because the court lacked authority to take any further action in Massingill's case, having rendered an order

1

quashing the indictment of the grand jury. It also argues that the indictment the grand jury returned indicting Massingill was not defective. According to the State, the trial court erred by quashing Massingill's indictment based on Massingill's argument that the indictment, under the provisions of the statute criminalizing the online solicitation of minors, was required to state the manner in which the State would prove that Massingill's intended victim was a "minor." *See* Tex. Penal Code Ann. § 33.021(a)(1) (West 2011) (defining the term "minor" in the online solicitation statute in a disjunctive manner).

We conclude the order reinstating the indictment is void, and we further conclude that the indictment was not defective because it did not specify how the State would seek to prove that Massingill violated the statute by soliciting a "minor." We set aside the trial court's orders reinstating the indictment and quashing the indictment, and we remand the case to the trial court for further proceedings consistent with this opinion.

## Background

A grand jury indicted Massingill for the offense of online solicitation of a minor, a second degree felony. *See id.* § 33.021(c), (f) (West 2011). The indictment

2

at issue alleges that on or about May 9, 2014, Massingill

> knowingly solicit[ed] over the internet or by electronic mail or by a commercial online service or text message C. Arnold,[1] a minor, to meet the defendant, with the intent that C. Arnold would engage in sexual contact or sexual intercourse or deviated (sic) sexual intercourse with the defendant[.]

Massingill's indictment essentially tracks the language the Legislature used to criminalize the online solicitation of a minor for the purpose of engaging in sex. *See id.* § 33.021(c).

The online solicitation statute defines "[m]inor" in a disjunctive manner, defining the term to mean "an individual who represents himself or herself to be younger than 17 years of age; or . . . an individual whom the actor believes to be younger than 17 years of age." *Id.* § 33.021(a)(1). Approximately one week after Massingill was indicted, he filed a motion to quash the indictment. In his motion, Massingill complained that the indictment failed to indicate whether the "minor" he allegedly solicited was a person who represented himself or herself to be younger than seventeen years of age, or an individual whom Massingill believed to be younger than seventeen years of age. *See id*. According to Massingill's motion, his indictment was defective because it failed to sufficiently specify how the State

---

[1]The indictment identifies the "minor" by first initial and last name. From the record before us, the "minor" who the State alleged that Massingill solicited was in reality a law enforcement officer.

3

would prove his intended victim was a "minor," making the indictment too "vague, indefinite, uncertain and overbroad" to notify him of the nature of the crime the State was alleging that he was guilty of committing.

After a hearing, the trial court granted Massingill's motion to quash. The State then filed its notice of appeal. Approximately one week later, the trial court rescinded its order, and it ordered that Massingill's "[i]ndictment be reinstated as originally filed."

Order Reinstating the Indictment

According to the State, the trial court lacked jurisdiction to conduct any further proceedings after it rendered the order to quash Massingill's indictment. In his brief, Massingill agrees that when the trial court reinstated the indictment, it no longer had jurisdiction over his case. We agree that the trial court no longer had jurisdiction to act in Massingill's case after it quashed his indictment. In *Garcia v. Dial*, the Court of Criminal Appeals held that if a court quashes an indictment, it no longer has jurisdiction to enter an order reinstating the defendant's indictment. 596 S.W.2d 524, 528 (Tex. Crim. App. 1980). We conclude the trial court's order reinstating the indictment is void. *See id.*

4

Standard of Review

In his appeal, Massingill argues the trial court's decision to grant his motion to quash was proper because the "State must plead the definition of the term 'minor' in order to provide [Massingill] with adequate notice of the nature and cause of the accusations against him." According to Massingill, the indictment at issue was insufficient because it failed to give him fair notice about what the State would prove to allow him to prepare his defenses for trial.

The indictment in a criminal case must be specific enough to inform the defendant of the nature of the accusations that are being made against him so that he may prepare his defense. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Chapter 21 of the Texas Code of Criminal Procedure requires that an indictment set forth the offense in "plain and intelligible words[]" and include "[e]verything . . . which is necessary to be proved." Tex. Code Crim. Proc. Ann. arts. 21.02, 21.03 (West 2009). An indictment is deemed sufficient if it charges

> the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* art. 21.11 (West 2009). Challenges to the sufficiency of an indictment are reviewed using a *de novo* standard, as they present issues of law. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010).

Analysis

Generally, an indictment is legally sufficient if it tracks the language of the statute in question. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *Moff*, 154 S.W.3d at 602. Indictments that track the language of the statute under which the defendant is charged are usually held to give the defendant adequate notice of the offense, and are usually held to be sufficient to allow a court, on conviction, to pronounce a proper judgment. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996). When a term that a statute uses is defined within the statute, the indictment does not need to allege the definition of the term. *Id.* at 129-30; *State v. Mays*, 967 S.W.2d 404, 409 (Tex. Crim. App. 1998). Typically, definitions of terms are treated as evidentiary matters. *State v. Barbernell*, 257 S.W.3d 248, 256 (Tex. Crim. App. 2008); *see Mays*, 967 S.W.2d at 406. The Court of Criminal Appeals has held that a charging instrument need not allege evidentiary facts. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Crim. App. 1980) (op. on reh'g) (holding that the State need not allege facts showing how a theft victim failed to give effective consent).

6

In this case, Massingill's complaint about the lack of specifics in the indictment concerns attributes that relate to the age of his intended victim or to the representations that were made by the intended victim about his or her age. These facts are evidentiary, as they are facts that concern the intended victim. *See Daniels v. State*, 754 S.W.2d 214 (Tex. Crim. App. 1988) ("The State . . . is not required to plead evidentiary facts which are not essential to provide the required notice to the accused."); *see also* George E. Dix & John M. Schmolesky, *42 Texas Practice: Criminal Practice and Procedure* § 25.144 at 239-40 (3d ed. 2011). In our opinion, the indictment was sufficient to notify Massingill of the crime with which he was being charged, as the indictment closely tracks the language of the statute. *See* Tex. Penal Code Ann. § 33.021(c). Additionally, the indictment specifies when and how Massingill allegedly solicited a minor to engage in sex. *See Mays*, 967 S.W.2d at 406; *Thomas*, 621 S.W.2d at 161. The indictment identifies the minor by first initial and last name. Although not in the body of the indictment, the information found in the indictment includes the specific statute Massingill allegedly violated, identifying the provision as "Sec. 33.021(c)[.]"

In Massingill's motion to quash, he complained that the indictment failed to indicate whether the "minor" he allegedly solicited was a person who represented himself or herself to be younger than seventeen years of age, or an individual

whom Massingill believed to be younger than seventeen years of age. *See* Tex. Penal Code Ann. § 33.021(a)(1). According to Massingill, he was entitled to notice regarding how the State intended to prove that he committed a crime against a minor.

The conduct that is proscribed by the Penal Code is the act of using the internet to solicit a "minor" to meet another person, including the actor, with the intent that the minor will engage in sexual acts. *See id.* § 33.021(c). "[I]t is the *conduct* of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense." *Ex parte Lo*, 424 S.W.3d 10, 16-17 (Tex. Crim. App. 2013). The two statutory definitions for the term "minor" set forth the manner the State may prove that the intended victim was a "minor." *See* Tex. Penal Code Ann. § 33.021(a)(1). We conclude that the question of how the State might prove that Massingill's intended victim was a "minor" is a circumstance of the offense, so it is evidentiary. *See Moreno v. State*, 721 S.W.2d 295, 299-300 (Tex. Crim. App. 1986).

In our opinion, Massingill's indictment sufficiently informed him of the crime he allegedly committed, and his complaints concern evidentiary matters that relate to the circumstances of his offense. *See* Tex. Code Crim. Proc. Ann. art. 21.11. Consequently, to adequately allege a violation of section 33.021 of the

8

Penal Code, the State was not required to specifically allege exactly how it would prove at trial that Massingill's intended victim was a "minor." We set aside the trial court's orders reinstating the indictment and granting the motion to quash, and we remand the case to the trial court for further proceedings consistent with the opinion.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on January 28, 2015
Opinion Delivered April 1, 2015
Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

9