**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00313-CR**
_____

**JOSEPH LATULAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 23714**
_____

**MEMORANDUM OPINION**

Joseph Latulas[1] pleaded guilty to murder, and a jury assessed his punishment

at life in prison. On appeal, Latulas's sole issue is whether the trial court erred by

overruling his objections to the State's motion to amend his indictment. For the

reasons explained below, we affirm.

---

[1] The record shows that Joseph Latulas is also known as Joseph Anthony Latulas.

Background

In January 2016, Latulas stabbed his ex-girlfriend, Wendi Warner, to death with a knife.[2] A month later, a grand jury indicted Latulas for murder, alleging he "INTENTIONALLY OR KNOWINGLY CAUSE[D] THE DEATH OF, WENDI WARNER, BY STABBING HER WITH A KNIFE." More than two years after the grand jury indicted Latulas, the State moved to amend the indictment. In its motion, the State sought to add language to the indictment to allege Latulas used the knife as a deadly weapon. The trial court granted the State's motion and allowed the State to amend Latulas's indictment. As amended, the indictment alleges Latulas "INTENTIONALLY OR KNOWINGLY CAUSE[D] THE DEATH OF, WENDI WARNER, BY STABBING HER WITH A KNIFE, A DEADLY WEAPON."

Around two months later, Latulas lodged two objections to the amended indictment.[3] Latulas first argued the amended indictment did not specify the manner or means the State claimed he used to commit the murder. According to Latulas, without the benefit of that information, the State failed to provide him with sufficient notice of what it intended to prove during his trial. Second, Latulas argued that to

---

[2] *See* Tex. Penal Code Ann. § 19.02(b)(1).

[3] Before the trial court granted the State's motion to amend the grand jury's indictment, Latulas moved to dismiss the original indictment that issued in his case. The motion to dismiss advances arguments like the ones Latulas made in the hearing the trial court conducted just before Latulas's trial. The record, however, does not show the trial court ever signed an order denying the motion to dismiss.

amend the indictment, the State had to resubmit the case to the grand jury and could not amend it by a motion seeking to add a deadly weapon allegation to the indictment.[4]

In response, the State argued both indictments notified Latulas it intended to seek a deadly weapon finding in his trial based on the manner he used the knife when committing the murder. The State also argued that it could notify a defendant that it intended to seek a deadly weapon finding by moving to amend the indictment without resubmitting the case to the grand jury, explaining that doing so did not violate any of Latulas's rights to have a grand jury indict him for murder. In other words, the State argued the amended indictment notified Latulas it would seek a deadly weapon finding when the trial court called his case to trial. The trial court agreed, overruled Latulas's objection, and signed an order granting the State's motion.

About seven weeks after the trial court granted the State's motion, Latulas pleaded guilty to the allegations in the amended indictment. After Latulas elected to have a jury assess his punishment, the jury assessed a life sentence for the murder. The judgment the trial court signed follows the jury's verdict. After that, Latulas filed an appeal. To support the appeal, Latulas filed a brief raising one issue, which

---

[4] *See* Tex. Const. art. I, § 10.

argues that the original indictment did not allege the elements required to prove murder and that amending it required the State to submit his case to a grand jury to avoid violating his rights.

## Analysis

A reviewing court uses a de novo standard to review a trial court's ruling on a motion to quash an indictment.[5] In his brief, Latulas raises two arguments. We address each in turn.

First, Latulas suggests the amended indictment fails to provide sufficient notice of the manner and means the State intended to use in his trial to prove he committed murder. We disagree. The amended indictment tracks the statute defining murder,[6] so it satisfies the requirements of the United States and Texas Constitutions of due process.[7]

To provide fair notice, a defendant's indictment "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense."[8] In most cases, when the indictment tracks the language of the statute codifying the offense, the indictment satisfies all constitutional and statutory requirements of notice, as it need not include facts when they are merely evidentiary

---

[5] *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010).
[6] *See* Tex. Penal Code Ann. § 19.02(b)(1).
[7] *See State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019).
[8] *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

about the alleged crime.[9] That said, this construct applies only when "the language of the statute" completely describes the offense.[10] When a statute fails that test, but defines the offense in ways that would allow the State to prove the defendant committed the crime by alternate means, the construction we have just discussed does not apply.[11]

In Latulas's case, the language in both of his indictments closely tracks the language defining murder in section 19.02(b)(1) of the Penal Code.[12] Under section 19.02(b)(1), the State may prove a defendant committed murder by showing he "intentionally or knowingly cause[d] the death of an individual[.]"[13] While the State may choose to include language in an indictment that exceeds the allegations that it must prove in the defendant's trial, nothing in section 19.02(b)(1) requires the State to prove that the defendant used an object, such as a knife, to show the defendant is guilty of committing murder.[14] Stated another way, the State may prove a murder occurred under section 19.02(b)(1) by proving the defendant intentionally or knowingly caused the death of an individual. Here, each indictment alleges Latulas committed murder.

---

[9] *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).
[10] *Id.* (cleaned up).
[11] *Id.* at 407.
[12] Tex. Penal Code Ann. § 19.02(b)(1).
[13] *Id.*
[14] *Id.*

The record from the court below shows Latulas's original indictment alleges: "Latulas . . . on or before January 10, 2016 in Hardin County, Texas[,] did . . . THEN AND THERE, INTENTIONALLY OR KNOWINGLY CAUSE THE DEATH OF, WENDI WARNER, BY STABBING HER WITH A KNIFE[.]" The amended indictment simply added the phrase *a deadly weapon* right after the last word in the original indictment. Thus, both the original and amended indictment closely track the elements required to prove the crime of murder under section 19.02(b)(1), and the section is not ambiguous.[15] The fact a defendant uses an object to commit the murder or uses an object as a *deadly weapon* are not elements of the crime of murder under section 19.02(b)(1).[16] Stated another way, a conviction for the crime of murder does not hinge on the grand jury having found (or not found) the defendant used a deadly weapon during the murder because the use of a *deadly weapon* is not an element of the crime.[17] As a result, Latulas had no right to have a *deadly weapon* allegation in his indictment rather than in some other pleading.[18]

Second, Latulas had no right to have the grand jury return an indictment alleging he used the knife as a deadly weapon to commit the crime. The use of a deadly weapon is not one of the elements required to prove murder, and the record

---

[15] *Id.*

[16] *See Mays*, 967 S.W.2d at 406-07.

[17] *See Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997).

[18] *Id.* at 34.

shows the State notified Latulas more than seven weeks before his trial it would seek a deadly weapon finding when the trial court called the case. So Latulas received written notice that the State intended to secure a deadly weapon finding in his trial.[19] Latulas has not even argued the State did not provide him with sufficient written notice in some form that it intended to seek a deadly weapon finding in his trial.[20]

For the reasons explained above, we overrule Latulas's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 19, 2019
Opinion Delivered April 29, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[19] *See Ex parte Minott,* 972 S.W.2d 760, 761 (Tex. Crim. App. 1998).
[20] *See Brooks*, 957 S.W.2d at 34; *Ex parte Patterson*, 740 S.W.2d 766, 776 (Tex. Crim. App. 1987), *overruled on other grounds by Ex parte Beck*, 769 S.W.2d 525 (Tex. Crim. App. 1989).